* AVERY, J., did not sit on the hearing of these appeals.
Upon the hearing before the clerk on 23 December, 1890, the said clerk ordered an account and referred the cause to W. S. Pearson as referee to take and state the same. On appeal of defendant from said order, the judge of the district affirmed the said order.
This case was referred to Pearson with direction to take and state the account after advertisement for creditors, who presented their claims. Plaintiffs filed replications, and pleaded the statutes of presumptions and limitations to said claims. It appeared that a portion of the fund in the hands of the administrator was proceeds of real estate. C. M. Avery died in 1864, and A. C. Avery was appointed his administrator in 1866. The present administrator de bonis non was appointed and qualified in 1870.
The following findings of the referee, with the other facts appearing, are sufficient for the proper understanding of this case:
That the estate of C. M. Avery, after the sale of the real (464) estate by defendant administrator and the collection of all debts due the estate, which, on the prima facie showing made by the administrator Berry, were presumed to be collectible, was, and to the present time continues to be, insolvent; that there are now outstanding claims against the estate of C. M. Avery reduced to judgments against the former and present personal representatives more than sufficient in amount to absorb the fund now in the hands of the administrator de bonis non or which would be in his hands were the contention of the plaintiffs conceded; that since 27 August, 1884, he was properly chargeable with $503.74 and interest thereon at 6 per cent, less cost of actual returns to the clerk since; that all of the judgments now unpaid and outstanding against the defendant administrator are of more than ten years standing on the docket of Burke Superior Court. The other facts *Page 327 
in the case appear from the judgments following, and from the opinion of the court:
"This cause coming on to be heard before me at chambers in May, 1891, on appeal from Superior Court, Burke County, and it appearing to the court that there is a fund in the hands of defendant administrator, claimed by the plaintiffs as heirs at law and distributes of C. M. Avery, deceased, and also claimed by the creditors of said estate; and it appearing that the claims of said creditors have been reduced to judgments for more than ten years before this action brought, and the greater portion, including a judgment quando, in favor of Harshaw's executors, have been reduced to judgment for more than twenty years before this action was commenced, and that more than ten years have passed since any payment or recognition has been made on these debts by the defendant administrator, or other person authorized or empowered to make any acknowledgment or payment thereon; and it further appearing that the plaintiffs have only pleaded the statutes of limitations and presumptions to said claim, it is considered and adjudged that the plaintiffs are entitled to plead said statutes to protect funds in hands of administrator, and that after suit (465) commenced and decree to account had in the cause, the power of the executor or administrator to make the plea was no longer exclusive, and that the claims of said creditors to the fund is barred by said statutes of limitations and presumptions, and that plaintiffs are entitled to recover of the defendant administrator the amount in his hands, to be ascertained on final account.
"2. That said administrator is chargeable with the commissions allowed which were in excess of the statutory limit, and with interest thereon from the time said excess was allowed him.
"3. That the administrator is not chargeable with interest on the funds remaining in his hands, the account being unsettled and unknown, and it not appearing that defendant used the money, or realized any interest therefrom.
"4. That the costs be paid out of the fund.
"5. That payments made by the administrator on valid claims prior to the commencement of this action be allowed as valid vouchers to the administrator.
"6. That a reasonable counsel fee be allowed the attorney of the defendant Berry for advice and services, and same to be paid out of the fund.
"7. That the clerk of the Superior Court of Burke County shall enter up judgment in conformity to this decision, and make such further orders and decrees as may be in accordance with law and the course and practice of the court." *Page 328 
DEFENDANT'S APPEAL.
As this action is governed by the former law, and no good purpose is to be subserved by an elaborate discussion of the questions involved (all of which have been settled by previous decisions), we will simply announce the conclusion we have reached after a careful examination of the record. The creditors promptly reduced their claims to judgments against the personal representatives, and as the estate has never been settled (the last annual returns having been filed in 1890), we are of opinion that the assets in the hands of the administrator are held by him in trust for the said creditors, to be applied by him in satisfaction of their judgments, less the costs of administration, etc. The trust has never been closed, and the statute of limitations provided in the Code of Civil Procedure is inapplicable to this case. In this respect the judgment of his Honor is reversed; in all other respects it is affirmed.
PLAINTIFF'S APPEAL.