W. H. HUNT, Administrator of ELIZABETH GAY, v. W. T. WHEELER et al.

*Will, Construction of—Legacy—Charge on Land—Statute of Limitations.*

1. Where a testator devised land to a grandson who was directed to pay to testator's daughter one-half of its value out of the rents or from any other source except by sale of the land, the daughter's share is a charge upon the land.

2. An action by an administrator to recover his intestate's share of an estate, is governed by Section 158 of *The Code*, which provides that actions not otherwise provided for shall be brought within ten years.

3. Where a devisee of land which was charged with the payment of half its value to a daughter of the testator agreed, by way of compromise, to pay within a certain time a less amount, and upon such payment he was to be released from all liability on account of the said charge upon the land, and he failed to pay the compromise sum within the time specified; *Held*, that the debt did not become merely a personal one and the charge upon the land was not released by such agreement; and further, that the devisee cannot take any benefit from such agreement since he has failed to comply with its terms.

4. In such case, judgment will be given for one-half the value of the land, with interest from the date at which it was payable, and a Receiver will be appointed to collect and apply the rents of the land to the payment of such judgment.

CIVIL ACTION, heard before *Greene, J.*, at Spring Term, 1895, of GRANVILLE Superior Court, on a case agreed, the material parts of which are stated in the opinion of MONTGOMERY, J. The only other fact necessary to the proper understanding of the opinion is that the wife of the testator, upon whose death W. T. Wheeler was to come into the possession of the land and pay the sum charged thereon, died on the 9th April, 1885.

His Honor rendered judgment as follows: "That the

plaintiff, W. H. Hunt, administrator of Elszabeth Gay, recover judgment against the defendant for the sum of $640, and that the same is a charge on the land described in the complaint to be paid out of the rents of said land, and that the plaintiff is also entitled to interest on an amount of said debt equal to the rental value of said land from the 9th day of April, 1885, to the present, the interest being on each amount from the end of the year in which it accrued, but as there is no statement in the case agreed as to the amount of rental no judgment for interest is given. A Receiver, A. J. Field, is hereby appointed to take charge of the land.    He is directed to rent the same *annually* for cash at public notice, and the same is directed to be applied to the payment of this judgment at the end of each year until discharged, with the cost of this action.

From this judgment both parties appealed.

*Mr. A. J. Feild*, for plaintiff.
*Messrs. Edwards & Royster*, for defendants.

MONTGOMERY, J. :   This case is presented upon an agreed state of facts.    From the judgment which was rendered in the court below both parties appealed.    We will treat both appeals together.

The value of the tract of land devised by the testator Moses Wheeler to his grandson, William T. Wheeler, in remainder after the death of the widow of the testator, was ascertained according to the manner prescribed by the will to be $1380.    One-half of this amount was under the will to be paid to the daughter of the testator, Elizabeth Meadows, a married woman.    The defendants contend that the land itself is not charged with the amount in favor of the daughter and the plaintiff insists that it is.    The solution of the question depends upon the true construction of the following clause of the will :

"Item First. I lend to my wife Elvira, during her natural life, the tract of land lying near and adjoining the lands of my son Dudley, and at her death I give the said tract of land to my grandson William T. Wheeler, son of my said son Dudley, with this understanding, that at the death of my said wife the said tract of land is to be valued by three freeholders to be chosen by my executors; and my said grandson is to pay to my daughter Elizabeth Meadows one-half of said valuation, said one-half may be paid by and from the rent of the same, or from any other source, except by the sale of the same, as I do not wish it sold for division, being too small a tract for division between them, and my desire being to secure said tract of land to my said grandson."

We are of the opinion that the one-half value of the land (to-wit, $690), the daughter's share under the will, is a charge upon the land. *Carter* v. *Worrell*, 96 N. C., 358; *Aston* v. *Galloway*, 3 Ired. Eq., 126; *Rice* v. *Rice*, 115 N. C., 43. The daughter, after having become a widow, married a second time, and died on the 28th of January, 1888, leaving her husband surviving her. The plaintiff qualified as her administrator on the 12th of November, 1894, and on that day commenced this action against the defendants. The defendants insist that the statute of limitations (Section 155 (1) of *The Code*) is applicable to the facts in the case and is a bar to the action. We are not of this opinion. Section 158 of *The Code* applies. The defendants insist again that the agreement made on the 2d of January, 1888, between the daughter and the grandson of the testator relieved the land of the charge upon it (if it ever existed) and made the compromise obligation on the part of the grandson purely a personal one against him. This cannot be so, for the agreement especially and particularly recites the contrary. The following is the agreement:

" I, Thomas P. Meadows, attorney in fact for Robert L. Gay and and Elizabeth Gay (formerly Elizabeth Meadows) a daughter of Moses Wheeler, deceased, having been appointed by them attorney in fact to represent their interest in the settlement of the estate of said Moses Wheeler, having agreed with W. T. Wheeler to accept of him the sum of four hundred dollars in full satisfaction of the amount due from him to said Elizabeth Gay as a charge upon the land devised to W. T. Wheeler in and by the last will of Moses Wheeler, provided the same shall be paid in two months from this date; and whereas he has paid me fifty dollars of the said four hundred, now I do hereby authorize John W. Hays as my attorney to receive from W. T. Wheeler, the balance of said sum, to-wit, $350, provided the same shall be paid within two months from this date, and when so paid the said Hays is authorized to execute to W. T. Wheeler such release and acquittance as shall fully discharge him from all further liability on account of said charge upon said land.

The defendants can take no benefit from the agreement of compromise, for although it appears that the daughter died before the time when the money agreed upon in the compromise should be paid, and that there was no personal representative to receive it when it fell due, yet, after the plaintiff was appointed administrator, no part of the same was paid or offered to be paid—the defendants all the time setting up the plea of the statute of limitations to defeat all recovery, and also relying upon the debt being a personal one against the grandson and not a charge upon the land. The judgment of the court below is affirmed in so far as it declares that the amount due to the plaintiff's intestate (the daughter of the testator) is a charge upon the land and to be paid by the rents from the same, and the appointment of a receiver to take charge of the land and rent it out.

The plaintiff however ought to have had judgment for the sum of $690, half the value of the land, less fifty dollars which was paid by the grandson on the second of January, 1888, with interest from the 9th of April, 1885, until paid. The judgment is affirmed and modified as above.

Affirmed and Modified.