N. B. GRAHAM v. J. J. O'BRYAN et al.

*Practice—Special Appearance—Defective Service by Publication— Attachment—Statute of Limitations—Burden of Proof.*

1. Where the motion of defendants who entered a special appearance for the purpose of having the action dismissed for want of legal

service of summons, and for want of jurisdiction, was overruled, their subsequent appearance did not bring them into court.

2. A service by publication on a non-resident in an action affecting property is invalid without attachment.

3. Where the plea of the statute of limitations is pleaded, the burden of proof is upon the opposite party to show that the cause of action accrued within the statutory time.

CIVIL ACTION, tried before *Timberlake, J.*, and a jury, at Spring Term, 1896, of CHEROKEE Superior Court. On the trial, after the plaintiff had rested his case, his Honor held that plaintiff could not recover and entered judgment for defendants, from which plaintiff appealed.

*Mr. F. P. Axley*, for plaintiff (appellant)
*Mr. J. W. Cooper*, for defendant.

CLARK, J.: The Judge held that the plaintiff could not recover, and rendered judgment in favor of the defendants for costs. The judgment must be affirmed for several reasons. The defendants, entering a special appearance, moved to dismiss for want of legal service of summons and for want of jurisdiction. The plea was overruled. The defendants, having excepted, their subsequent appearance did not bring them into court as a general appearance otherwise would have done. *Farris* v. *Railroad*, 115 N. C., 600. The record shows only a summons and a return that the defendants "could not be found in the county." The appellee's counsel, however, admits that the record is defective, and that, in fact, the defendants were served by publication, but contends that being non-residents and no attachment having been served, the service was not a legal service. Upon that state of facts, the proposition of law is correct. *Bernhardt* v. *Brown*, 118 N. C., 700; *Lony* v. *Ins. Co.*, 114 N. C., 465. But nothing in the record shows either that the defendants were non-residents or any

publication made or any attachment. In this confused state of the record we find, however, that the Statute of Limitations was pleaded. This devolved the burden upon the plaintiff of showing that the cause of action accrued within the statutory time. *Hussey* v. *Kirkman*, 95 N. C., 63; *Moore* v. *Garner*, 101 N. C., 374; *Hobbs* v. *Barefoot*, 104 N. C., 224. Upon the face of the complaint the plaintiff's claim was barred, and his evidence did not show anything to place his claim within date. There are other defects barring the plaintiff's right to recover, but we need not go further.

Affirmed.