B. F. ELLER, Administrator of Peter Eller, v. A. M. CHURCH.

*Action  on  Receipt — Practice — Trial — Directing  Verdict — Statute  of  Limitations — When  Cause  of  Action  Accrues — Revival  of  Cause  of  Action.*

1. A verdict cannot be directed in favor of the party upon whom the burden of proof rests.

2. The Statute of Limitations begins to run against a cause of action as soon as the plaintiff, being then under no disability, is at liberty to sue.

3. Where an assignee of several judgments against the estate of an intestate received payment thereof from the administrator in August

1881, and covenanted, in the receipt, to refund so much as might be in excess of his *pro rata* share if it should "turn out" that there were debts of superior dignity or lien, or that he had received more than he was entitled to receive; and it appeared on the trial of an action on such covenant that the administrator suffered judgment to be taken against him in 1894 on a justice's judgment rendered against a former administrator of intestate in October 1878; *Held*, (1) that the cause of action on the covenant arising out of the judgment rendered in 1878 accrued as soon as the administrator could reasonably have known of the existence of the judgment, that is, at the date of the receipt containing the covenant to refund: (2) that the action was barred by the statute of limitations and (3) that the cause of action on the covenant arising out of the 1878 judgment was not revived by the act of the administrator in voluntarily allowing judgment to be entered against him in 1894 in an action brought on such judgment after the latter had been barred by the statute of limitations.

CIVIL ACTION tried before *Hoke, J.*, and a jury at Fall Term, 1896, of WILKES Superior Court. There was a verdict for the plaintiff and from the judgment thereon defendant appealed.

*Messrs. W. W. Barber* and *Glenn & Manly*, for defendant (appellant).

No counsel, *contra.*

DOUGLAS, J.: This was a civil action begun before a Justice of the Peace, and tried on appeal in Superior Court, to recover on the following receipt or contract: "Received of B. F. Eller, Adm'r. d. b. n. of Peter Eller, deceased, the sum of $5.93, $553.80, being payments in full of the principal, interest and costs in the following judgments on the Superior Court docket of Wilkes County, which have been assigned to me (specifying the judgments), the same having been assigned to me, and should it turn out that I have received more than is due me in law, or that there are any prior liens having precedence over the above judgments, then I am to refund to the said B. F. Eller Adm'r. the

amount overpaid.  Given under my hand and seal this
22nd day of August 1881.  (Signed) A. M. Church, seal."

The plaintiff introduced a record of the Superior Court
showing a judgment obtained in 1894 against him, as such
administrator, by one J. S. Huffman.  This judgment was
rendered on a former judgment obtained in a Justice's Court
in October 1878.  To the second action the plaintiff practi-
cally made no defense, and allowed judgment to be taken
against him for the full amount.  In the suit at bar the
defendant pleaded the statute of limitations.  The case on
appeal states that "his Honor instructed the jury that from
the evidence introduced the plaintiff was entitled to recover,
and the findings of the jury were in accordance with the
instructions of his Honor."  While this is not very explicit,
we presume that his Honor charged the jury that if they
believed the evidence the plaintiff was entitled to recover as
a matter of law, there being no conflict of testimony.  Under
no circumstances could he have *directed* a verdict in favor of
the plaintiff, upon whom rested the burden of proof.  *State
v. Shule*, 32 N. C., 153; *Spruill v. Ins. Co.*, 120 N. C., 141.
But, assuming that the charge was free from this objection,
we think there was error in his Honor's instruction as to
his conclusion of law.  The *causa litis* in this action is the
covenant of the defendant contained in the receipt of
August 22, 1881, above set forth and the statute began to
run thereon as soon as it "turned out" that the defendant
had received more than was due to him in law, or that
there were prior liens.  The only construction we can give
to the words "turn out" is that they mean when those facts,
if existing, were discovered by the plaintiff, or might have
been discovered with reasonable diligence.  The judgment
now set up by the plaintiff was based on a former judgment
rendered in October 1878, before the receipt of August 22,
1881 was given.  Therefore, the plaintiff could at once have

demanded of the defendant the *pro rata* contribution he is now seeking to recover.

It is unnecessary to cite authority to show that the statute begins to run when the plaintiff is at liberty to sue, being then under no disability. More than ten years having elapsed before the bringing of this suit since the receipt was given, and after the plaintiff could have ascertained with reasonable diligence the existence of the outstanding debt now set up, his action is barred by the statute of limitations.

The fact that he voluntarily permitted a judgment to be taken against him in 1894 on a Justice's judgment so clearly barred, does not alter or renew the liability of the defendant, who was a judgment creditor, and neither an heir nor devisee.

Error.