J. E. HOUSE, Executor of C. Nichols, v. W. M. ARNOLD, Executor of Benjamin King.

(Decided March 8, 1898.)

*Statute of Limitations—Burden of Proof.*

1. Where the statute of limitations is pleaded the burden is upon the plaintiff to show that the cause of action accrued within the time limited.

2. Where a party upon whom the burden of proof rests fails to offer evidence to sustain it, it is proper for the trial judge to direct a verdict against him.

CIVIL ACTION, tried before *Robinson, J.*, and a jury, at October Term, 1897, of WAKE Superior Court.

Catharine Nichols, plaintiff's testatrix, died in September, 1896. Benjamine King, testator of the defendant Arnold, died on the — day of ———, 1896. The summons herein was sued out the 21st day of May, 1896.

Sometime before the 25th day of June, 1885, Catha-

rine Nichols was declared insane, and incapable of managing and controlling her property; and Benjamin King, defendant's testator, appointed her guardian, and as such took into his possession her lands and personal estate, and so held and managed the same until the — day of ———, 1889, when the said Catharine Nichols was adjudged sane, and after demand made by Catharine Nichols on Benjamin King for her estate, and by order of the Court, was restored to the use and possession of her said estate.

During and by virtue of the said guardianship of the said Benjamin King, he became indebted to his said ward, Catharine Nichols, in the sum of about $500, which has never been paid.

The issues were—

"1. Is the defendant indebted to the plaintiff; and if so, in what sum?"

"2. Is the defendant's cause of action barred by the statute of limitation?"

After the plaintiff's evidence had been introduced, the Court intimated that the cause of action was barred by the statute of limitations, and that the jury would be instructed that the plaintiff could not recover.

Thereupon the plaintiff excepted and took a non-suit, and appealed.

*Messrs. Jones & Boykin* for plaintiff (appellant).
*Messrs. Argo & Snow* for defendant.

Clark, J.: The Statute of Limitations having been pleaded, the burden was upon the plaintiff to show that the cause of action accrued within the time limited. *Parker* v. *Harden*, 121 N. C., 57; *Graham* v. *O'Bryan*, 120 N. C., 463; *Koonce* v. *Pelletier*, 115 N. C., 233;

*Hobbs* v. *Barefoot*, 104 N. C., 224; *Moore* v. *Garner*, 101 N. C., 374; *Hussey* v. *Kirkman*, 95 N. C., 63. The evidence was that the plaintiff's testatrix was adjudged restored to sanity in 1889, and after demand made by her on her guardian, defendant's testator, for her estate, an order was made to restore the same to her; and it was further in evidence that the said guardian was indebted to his ward in the sum of about $500, which has never been paid. It is not necessary to decide whether the statute began to run from the termination of the trust upon the adjudication of sanity in 1889, or upon the demand and failure to pay, for, if it began to run only from the latter, the plaintiff, having failed to show that it was within three years before the action begun (in May, 1896,) is barred. *Kennedy* v. *Cromwell*, 108 N. C., 1, and cases therein cited. The burden being upon him, there was no error in his Honor's intimating that he would instruct the jury to find against him. *Spruill* v. *Ins. Co.*, 120 N. C., 141; *Collins* v. *Swanson*, 121 N. C., 67; *Bank* v. *School Committee*, Ibid 107; *White* v. *Railroad*, Ibid 484.

No error.