## HOOKER v. WORTHINGTON.

(Filed March 1, 1904).

1. LIMITATIONS OF ACTIONS—*Burden of Proof—Pleadings—Fraudulent Conveyances—Acts 1897, ch. 109.*

> In an action to set aside a conveyance on account of fraud, the statute of limitations being pleaded thereto, the burden is on the plaintiff to show that the fraud was not discovered until within three years of the commencement of the action.

2. PLEADINGS—*Answer—The Code, sec. 243.*

> An answer adopting each and every section of another answer filed in the case is sufficient if the adopted answer is sufficient.

ACTION by Oscar Hooker against Alfred and S. F. Worthington, heard by *Judge Fred. Moore* and a jury, at November Term, 1903, of the Superior Court of PITT County. From a judgment for the defendants, the plaintiff appealed.

*J. L. Fleming,* for the plaintiff.
*Jarvis & Blow, Skinner & Whedbee* and *L. I. Moore,* for the defendants.

MONTGOMERY, J.   The original complaint in this action does not clearly show upon what ground the plaintiff seeks relief.   Upon a cursory reading of that pleading it would appear to be the purpose of the pleader to have the defendant S. A. Worthington, the wife of the other defendant, A. Worthington, declared a trustee by way of resulting trust of the property mentioned in the complaint for the benefit of the plaintiff.   Such a position could not be maintained, because enough appears in the complaint to show that there were no contractual relations between the plaintiff and either of the defendants, and that the very purpose of Mrs. Worth-

ington was to hold the property adversely to all claimants. The amendment to the complaint, however, together with section 33 of the complaint, makes it certain that the plaintiff's purpose in the action is to charge fraud upon Mrs. Worthington and her husband, the fraud being alleged to be that Worthington procured the sale of the property for the purpose of having it brought in by his wife, thereby hindering, delaying and defrauding his creditors. It seems, taking the whole evidence into consideration, that the husband, being very much indebted, executed several mortgages or deeds of trust to secure certain of his creditors, and that the property conveyed by him was afterwards sold and purchased by his wife. Between the times of the execution of the mortgage deeds and the sale of the property under the same, and after the last mentioned date, various unsecured creditors of Worthington procured judgments against him, some of them in courts of justices of the peace and some in the Superior Court of Pitt County. The plaintiff bought up a large number of these judgments, his purchases embracing some of the justice of the peace's court and some of the Superior Court, and brought this action to have Mrs. Worthington declared a trustee for the benefit of the plaintiff, and for such other relief as the plaintiff might be entitled to. The defendants, in their answer, set up a defense on the merits of the case, and also plead the statute of limitations, that is, subdivision 9 of section 155 of The Code, treating the complaint as an action to have the deeds made by the mortgagees to Mrs. Worthington set aside for fraud and the property applied under the order of the Court to the payment of the plaintiff's debts. We are of the opinion that that was the true nature of the cause of action as set out in the complaint, notwithstanding the prayer of the plaintiff for a technically different judgment. And the defendant having pleaded the statute of limitations, it became necessary for the plaintiff

to show that a discovery of the fraud alleged in the complaint had not been made by the plaintiff or his assignors more than three years before the commencement of the action. That requirement on the part of the plaintiff is analogous to the several rulings which have been made by this Court, viz., that where the statute of limitations has been pleaded the burden is on the other party to show that the cause of action accrued within the time limited. *House v. Arnold,* 122 N. C., 220; *Houston v. Thornton,* 122 N. C., 365, 65 Am. St. Rep., 699. The plaintiff offered no evidence upon the issue tending to show when the discoveries of fraud were made by the plaintiff's assignors. It is true that he, as a witness for himself, stated that all he had ever learned on the subject of the frauds charged in the complaint he learned about thirty days before he bought the judgments, the date of which was within three years from the commencement of the action. But nearly ten years had elapsed since the matters complained of occurred, and the plaintiff's assignors transferred their rights to the plaintiff in the judgments more than three years after the dates of the badges of fraud set out in the complaint; and he can occupy no better position than his assignors would have if they had brought the action. It was incumbent on him to show that his assignors had not discovered the fraud earlier than three years before the action commenced. The burden was on the plaintiff, as we have said, to repel the plea of the statute of limitations, and as the plaintiff failed to offer any evidence on that issue, the Judge could either direct a verdict against him or dismiss the action under chapter 109 of the Acts of 1897. *House v. Arnold, supra,* and cases there cited. This view of the case on the defendant's plea of the statute of limitations renders it unnecessary to discuss the questions of law argued here by the counsel on the merits of the case.

In her answer the defendant S. A. Worthington pleaded

the statute of limitations as a defense against the justice's judgment against her husband, and the plaintiff admitted that the plea was sufficient in form and substance. The defendant's husband, for answer, said simply "that he adopts each and every section of the answer of S. F. Worthington, herein filed, as his own," and signed it. His Honor was asked by the plaintiff's counsel to sign a judgment for the plaintiff's debt against the defendant's husband, including the justice's judgments which he had bought, on the ground that the defendant's answer was not a sufficient denial of each section of the complaint, and he declined to sign such judgment. We think there was no error in the refusal to sign the judgment as requested. We think the defendant's answer was a sufficient compliance with section 243 of The Code. The answer of his co-defendant was sufficient in form and substance, admittedly so, and A. Worthington's answer adopted each and every section of his wife's answer.

It follows, as a matter of course, from what we have said, that the plaintiff was not entitled to have his judgment against A. Worthington declared a lien upon the defendant's homestead, as it was sold under the deeds of trust and purchased by Mrs. Worthington; and his Honor was right in refusing to adjudge it a lien on any of the lands described in the complaint. His Honor, on motion of the defendant, dismissed, as of nonsuit, the plaintiff's action, and in doing so there was

No Error.