Mrs. EMMIE LEMLEY BROWN, Administratrix *d. b. n.*, v. GEORGE E. WILSON, Executor. etc.

(Filed 5 December, 1917.)

1. **Executors and Administrators—Surplus Fund—Guardian and Ward.**

*Semble*, where the same person has qualified as administrator of the deceased and also as guardians of his children, and as executor has paid the debts of his testator, the law will transfer the surplus, after paying the debts, from the administrator to the guardian. *Ruffin v. Harrison*, 81 N. C., 208; *S. c.*, 86 N. C., 190.

2. **Limitation of Actions—Executors and Administrators—Repealing Statutes.**

Where one has qualified as administrator of the intestate in 1856, and there is evidence that funds came into his hands as such; that in 1884 he died without making final settlement, leaving a will, and his executor duly qualified, advertised for creditors, etc., and made final settlement; that in 1916 the plaintiff qualified as administratrix *d. b. n.*, and brings action for an accounting: *Held*, the limitations of actions in force prior to 1868, under the Code of 1863, secs. 136, 137, do not apply by reason of the repealing act of chap. 113, Laws of 1891, and the statute has run as a complete bar to the plaintiff's cause of action. *Edwards v. Lemmond*, 136 N. C., 330, cited as controlling.

APPEAL by plaintiff from *Cline, J.*, at the February Term, 1917, of MECKLENBURG.

This is an action by Emmie Lemley Brown, administratrix *d. b. n.* of the estate of R. C. Carson against George E. Wilson, executor of the estate of J. H. Wilson for an accounting.

R. C. Carson died intestate in 1856, leaving surviving him two children, Ella R. Carson and Richardina Carson, and Joseph H. Wilson in the same year qualified as his administrator.

Ella R. Carson became 21 years of age in 1864, married Dr. Lemley in 1868, and died in 1875, leaving the plaintiff, Emmie Lemley Brown, her child surviving her.

Richardina Carson became 21 years of age in 1867, made a settlement with the said Wilson, administrator, in 1877, and died intestate in 1887.

The said Joseph Wilson also qualified as guardian of the said Ella and Richardina Carson in 1856. Joseph H. Wilson died in 1884, leaving a will and appointing the defendant George E. Wilson as his executor. It does not appear that he filed any final account as administrator.

The said George E. Wilson duly qualified as executor, advertised for creditors to present their claims, and has made a final settlement of the estate and has filed his final account.

The plaintiff was appointed administratrix *d. b. n.* in 1916 and immediately thereafter commenced this action.

There was evidence upon the trial tending to show that assets went into the hands of said J. H. Wilson, administrator, and also of the payment of debts by him.

The defendant pleaded in bar of the action the statute of limitations of three, seven, and ten years, lapse of time, and abandonment, and the action was tried upon these pleas.

The court charged the jury as follows:

"The first issue submitted to you in this case is this: Is the plaintiff's cause of action set out in the complaint barred by the statute of limitations? The court is of the opinion, and so instructs you, if you believe all the evidence in this case, your duty is to answer the first issue 'Yes.'

"Second: Is the plaintiff's cause of action set out in the complaint barred by the lapse of time? The court is of the opinion, and so instructs you, that if you believe all the evidence in this case, your duty is to answer the second issue 'Yes.'

"Third: Has the plaintiff and those under whom she claims, by their conduct, abandoned the cause of action set out in the complaint? The court being of the opinion, so instructs you, if you believe all the evidence in this case, it is your duty to answer the third issue 'Yes.' "

To the foregoing charge of the court the plaintiff duly excepted.

Judgment was entered in favor of the defendant, and the plaintiff appealed.

*T. W. Alexander and Hugh W. Harris for plaintiff.*
*Osborne, Cocke & Robinson and Cansler & Cansler for defendant.*

ALLEN, J.` The evidence strongly supports the contention of the defendant that the estate of R. C. Carson has been fully administered, and that all of the assets coming to the hands of the former administrator were exhausted in the payment of debts.

It may also be maintained on the record, that if there was a surplus after the payment of debts, as J. H. Wilson was both administrator of the estate and guardian of the infant children, the law would transfer the surplus from the administrator to the guardian under the authority of *Ruffin v. Harrison,* 81 N. C., 208, affirmed on petition to rehear, 86 N. C., 190, in which event the right of action would not be in the plaintiff, but in the administrator of the ward, who would be barred under *Dunn v. Beaman,* 126 N. C., 766.

We will not, however, rest our decision on either of these grounds as the case was tried in the Superior Court on the pleas of the statute of limitations, lapse of time and abandonment, and the appeal presents for review the correctness of the rulings on these questions, waiving the objection that the rules of Court have not been complied with, in that

the exception is to the whole charge, and not to a part of it specifically pointed out.

The plaintiff does not contend that her cause of action is not barred if the limitations in force since 1868 apply, but she insists that the limitations prior to that time control, and that under the statutes then in force no right of action accrued to the distributee until the tender of a refunding bond, which has not been done.

This position, as to the statutes applicable, is sound under sections 136 and 137 of the Code of 1883, the first of these providing that as to causes of action accruing before 24 August, 1868, "the statutes in force previous to that date shall be applicable," and the second that the time between 20 May, 1861, and 1 January, 1870, "shall not be counted so as to bar actions or suits," but both of these statutes were repealed by chapter 113, Laws 1891, and are, as far as this action is concerned, as if they never existed.

It has also been directly held in *Edwards v. Lemmond,* 136 N. C., 330, that the statutes of limitation in force since 1868 are not applicable to causes of action arising before that time by reason of the repealing act of 1891.

In the *Edwards case* the original administration was taken out in 1866, and the executrix, who qualified, lived until 1901. There was then administration on the estate of the testator and on the estate of the executrix, and the first administrator brought suit against the second. The executrix did not file a final account.

The plea of the statute of limitations was sustained, and the ground of the decision is stated as follows: "At the end of two years, the law makes the demand and puts an end to the express trust, though no express demand is made by any party interested upon the executor or administrator. He is in default, and an action will lie at the end of the two years at the instance of any one entitled to have an account in settlement of the estate. *Walker, J.,* in *Self v. Shugard,* 135 N. C., at bot. of p. 194. It is familiar learning that the statute begins to run whenever the party becomes liable to an action if the plaintiff is under no disability. *Eller v. Church,* 121 N. C., 269. There having been no action begun within ten years, during which actions could have been brought, this action is barred by the Code, sec. 158. *Hunt v. Wheeler,* 116 N. C., 424. In *Wyrick v. Wyrick,* 106 N. C., 84, this was intimated and was reaffirmed in *Kennedy v. Cromwell,* 108 N. C., 1. *Grant v. Hughes,* 94 N. C., 231, and *Bushee v. Surles,* 77 N. C., 62, relied on by the plaintiff, were both cases where the original administration began under the law prior to the Code, as is stated by *Davis, J.,* in *Woody v. Brooks,* 102 N. C., 344. The same is true of *Phifer v. Berry,* 110 N. C., 463. At that time such actions were governed by the former law. The

:Code, sec. 136; *Brittain v. Dickson,* 104 N. C., 547. But section 136·
·has been repealed by chapter 113, Acts 1891, and the statute of limita-
-tions prescribed by the Code is applicable to this case, though original
:administration was taken out in 1866."

The statute began to run against the mother of the plaintiff, who, as
·distributee of R. C. Carson, had the right to maintain an action, and the
·cause of action was barred before the appointment of the plaintiff.

No error.