ANNIE L. HEATH v. W. C. HEATH.

(Filed 1 May, 1918.)

**Evidence—Wagering Contracts— Futures— Statutes— Pleadings— Counterclaims—Admissions—Burden of Proof—Trials.**

    The burden of proof is on the defendant to establish his counterclaim set up in an action against him upon his note; and where he has admitted his liability on his note, and the reply alleges that his counterclaim, if it existed, was based upon an illegal or wagering contract in futures, Revisal, sec. 1691, he must establish his counterclaim by his evidence upon the trial, and show that it was a lawful one; and where he fails to introduce evidence to that effect, it is proper for the court to disregard the counterclaim and direct a judgment upon the note.

APPEAL by defendant from *Harding, J.,* at February Civil Term, 1918, of UNION.

This is an action on a note. At the conclusion of the evidence his Honor instructed the jury to answer the issue of indebtedness in favor of the plaintiff on the admissions of the parties, and the defendant excepted and from the judgment rendered upon the verdict appealed.

*Thaddeus A. Adams and Stack & Parker for plaintiff.*
*T. D. Maness and J. C. M. Vann for defendant.*

ALLEN, J. The plaintiff alleges in her complaint that she sold certain land to the defendant on 31 December, 1904, and that notes were executed for the purchase money; that on 17 Feruary, 1916, the consideration for the purchase of the land not being paid in full, the defendant executed and delivered to her his note, by which he promised to pay $2,356.50 on 1 November, 1916, reciting therein that the note was given for the balance due on the purchase money of the land, and that no part of said note had been paid.

The defendant filed an answer in which he admitted the purchase of the land for $4,500, and that he was also at that time indebted to the husband of the plaintiff in the sum of $1,200, making a total of $5,700; that he executed a promissory note or notes to the plaintiff or to her said husband for said amount, and that he had paid on the indebtedness $3,750. No other payments are alleged in the answer, and upon these admissions, when the interest from 1904 to 1916 is taken into consideration, the defendant owed as much or more than the amount for which the note sued on was executed.

The defendant, it is true, does not distinctly admit the execution of the note in the pleading, although he does say that he signed a note to the plaintiff on or about 7 February, 1916, of somewhat similar import to that set out in the complaint, but it is stated in the judgment that the defendant admitted the execution of the note in open court at the trial.

On these admissions of the parties, nothing else appearing, the plaintiff was entitled to judgment for the amount of the note.

The defendant, however, further alleges in his answer that the plaintiff was a member of the partnership of O. P. Heath & Co.; that this partnership was indebted to him in the sum of $7,084.53, and he asks that this amount be allowed him as a set-off in extinguishment of the claim of the plaintiff.

The plaintiff files a reply in which she denies that she was a member of the partnership of O. P. Heath & Co., and she also denies that the partnership was indebted to the defendant, and alleges that if any such indebtedness did exist it arose upon a gambling contract known ordinarily as a contract in "futures."

On the trial no evidence was introduced or tendered by the defendant to prove that the indebtedness of O. P. Heath & Co. to the defendant, if it existed, was upon a legal contract, and was not a contract for "futures."

In this condition of the pleadings, two causes of action were alleged. The plaintiff alleged a cause of action in the complaint against the defendant on the note, and the defendant alleged a cause of action in the answer against the plaintiff on the alleged indebtedness of O. P. Heath & Co to the defendant, and on the last cause of action the plaintiff was in reality a defendant.

If so, it being alleged in the reply, which was duly verified, that the claim against O. P. Heath & Co. arose out of a gambling contract, the Revisal, sec. 1691, is applicable, and as under that section the burden was upon the defendant to prove by proper evidence other than by written evidence that the contract relied on by the defendant to prove the indebtedness was a lawful one in its nature and purposes, and as the defendant failed to offer any such evidence, his Honor properly disregarded the cause of action set up in the answer.

The section of the Revisal referred to has been considered in several of our decisions, and it has been held without exception that when it is alleged that a contract sued on is a gambling contract within the provisions of section 1689 of the Revisal, and the pleading is duly verified, that the burden is on the party seeking to recover upon the contract to prove that it is a lawful contract (*Holt v. Wellons*, 163 N. C., 129), and when the party upon whom the burden of proof rests offers no evidence, it is not erroneous to direct a verdict against him. *House v. Arnold*, 122 N. C., 220; *Hooker v. Worthington*, 134 N. C., 285.

It follows, therefore, as the cause of action alleged in the complaint was admitted, and as no evidence was offered to prove the legality of the contract out of which arose the cause of action alleged in the answer, that his Honor's instruction to the jury was in accordance with law.

No error.