SALLIE B. PIERCE v. HENRY E. FAISON, EXECUTOR, ET AL.

(Filed 15 March, 1922.)

## 1. Executors and Administrators—Account and Settlement—Actions.

In this action for an accounting and final settlement by an executor: *Held*, a statement of account of debts and credits filed by the executor was not in the form of a regular final account, and further, the matters alleged were not more than an unfulfilled promise for a final settlement, and insufficient according to the requirements of the law as a final account.

## 2. Same.

Where an executor or administrator fails to file his final account for two years after his appointment, the law makes the demand for those entitled to the estate, and at the end of this period an action will lie at the instance of any one interested to have the executor or administrator account in settlement of the estate.

## 3. Same—Limitation of Actions.

Where a person is interested as distributee or beneficiary in the estate of a deceased person, and fails to bring his action against the personal representative for ten years, his right of action is barred ten years from the expiration of the two years period in which he has failed to file his final account, as the law provided.

## 4. Same—Statutes—Interpretation.

The statute barring the right of one having an interest in the estate of a deceased person after ten years, enacted by Laws 1891, ch. 113, repealing sec. 136 of The Code, applies to the right to an accounting by the executor or administrator, where the right existed theretofore, and the period prescribed by the statute has since run.

## 5. Same—Pleadings—Answer.

Where those having an interest in the estate of a deceased person have failed to bring an action for an accounting and settlement within the period allowed by the statute of limitations, objection by the personal representatives can only be taken by answer.

## 6. Same—Trusts.

Where the answer of the personal representatives of a deceased person have unsuccessfully pleaded the statute of limitations in an action for an accounting and settlement with those having an interest in the estate of the deceased, the defendant is liable to an accounting for any trust funds in his hands, not thus barred.

## 7. Same—Burden of Proof.

The plaintiff having an interest in the estate of a deceased person has the burden of showing that the statute of limitations has not run in his action for an accounting and final settlement, when such statute is pleaded in the answer.

## 8. Same—Interpretation of Pleadings.

The answer of the personal representative of a deceased person will be liberally construed in his favor to ascertain whether he has sufficiently

pleaded the statute of limitations to an action brought against him for a final accounting and settlement of the estate of the deceased: *Held*, that the plea was sufficient in this case.

**9. Same—Issues—Questions for Jury—Trials.**

Where the answer, in an action against the personal representative of a deceased, is sufficient to raise the plea of the statute of limitations, a question of fact is raised for the jury to determine.

**10. Executors and Administrators—Account and Settlement—Limitation of Actions—Statutes.**

C. S., 445, limiting the time for the bringing of an action to ten years, and applying to an action against an executor or administrator for a final accounting and settlement, is not affected by the provisions of C. S., 395, as to actions on their official bonds.

APPEAL by defendant from *Devin, J.,* at the September Term, 1921, of DUPLIN.

This action was brought in the court below for an account and final settlement with Henry E. Faison, executor of Henry W. Faison, deceased, but is described by the plaintiff as a suit to surcharge and falsify his accounts. It is alleged that Henry W. Faison died in December, 1885, leaving a will, which was duly admitted to probate, and the two executors named therein, Henry E. Faison and Martha W. Faison, duly qualified as such in January, 1886.

It is stated that no regular accounts were filed by Henry E. Faison and Martha W. Faison as executor and executrix, the latter having died in 1910. It appears in the record that in response to a citation issued by the clerk of the Superior Court of Duplin County the defendant H. E. Faison, as surviving executor, filed what purports to be an account of debits and credits, and showing "a balance due by the executors of $4,516, but this paper is not in the form of a regular final account, but is more of a memorandum of the items of debit and credit, and could hardly be called a final account as the law requires to be filed.

The defendant pleaded what is termed "a final account and settlement" with the plaintiff and the other parties interested in the estate. The defendant Henry E. Faison, executor, alleges that he and the plaintiff and the others entitled to an interest in the estate came to a settlement in regard to the same, and it was agreed finally that the plaintiff owed at least a balance of $2,000 to the estate, or that much more than her share thereof, which sum of $2,000 it was agreed should be paid by plaintiff to the executor, for the younger children to whom it was due, in final settlement, which was not done until a judgment was rendered at February Term, 1914, of Duplin Superior Court, affirmed in the Supreme Court, on appeal, 21 October, 1914, when the sum of $2,000, with accrued interest, amounting to $3,800, was paid into the office of

PIERCE v. FAISON.

the clerk of the Superior Court to await the final determination of this action, and upon his filing a bond for the same, the said money was paid over to Henry E. Faison as executor, who, as plaintiff alleges, paid the same over to William Faison, Percy Faison, and Winnifred Faison, but plaintiff alleges that this was wrongful and unlawful, which the defendant executor denies.

The court declined to submit the following issues upon the two pleas:

"1. Was there a settlement between the executor and plaintiff at the time she bid off the lands at $2,000, that the balance of the debts due on said judgment should not be collected, and that in consideration of this settlement it was agreed that she had received her full share of the personal estate, and that the $2,000 due on the land sale should be paid over to the minor children, as alleged in the answer?

"2. Is the plaintiff's cause of action barred by statute of limitations?"

Defendant H. E. Faison, executor, appealed.

*Stevens, Beasley & Stevens* for plaintiff.
*H. D. Williams* and *G. R. Ward* for defendant.

WALKER, J., after stating relevant matters, as above: The facts are so indefinitely stated in the pleadings that it is difficult, if not impossible, to arrive at any just or accurate conception of the merits of this case. It does not seem, from the slight information we can gather from the pleadings, that there has been any formal and final settlement between the defendant and those interested in the estate. It was nothing more than a promise on the part of the plaintiff to do something which it is alleged by the defendant, she failed to do, and hardly more than a negotiation for a settlement. His Honor, therefore, ruled correctly as to the plea of a final settlement.

As to the statute of limitations: We are not so clear as to this plea, because the facts are so meagerly stated. We said, by the *Chief Justice,* in *Brown v. Wilson,* 174 N. C., 668, at 670, quoting from *Edwards v. Lemmond,* 136 N. C., 330: "At the end of two years the law makes the demand and puts an end to the express trust, though no express demand is made by any party interested upon the executor or administrator. He is in default, and an action will lie at the end of the two years at the instance of any one entitled to have an account in settlement of the estate. *Self v. Shugart,* 135 N. C., at bottom of page 194. It is familiar learning that the statute begins to run whenever the party becomes liable to an action if the plaintiff is under no disability. *Eller v. Church,* 121 N. C., 269. There having been no action begun within ten years, during which actions could have been brought, this action is barred by The Code, sec. 158. *Hunt v. Wheeler,* 116 N. C., 424. In

*Wyrick v. Wyrick,* 106 N. C., 84, this was intimated and was reaffirmed in *Kennedy v. Cromwell,* 108 N. C., 1. *Grant v. Hughes,* 94 N. C., 231, and *Bushee v. Surles,* 77 N. C., 62, relied on by the plaintiff, were both cases where the original administration began under the law prior to The Code, as is stated by *Davis, J.,* in *Woody v. Brooks,* 102 N. C., 344. The same is true of *Phifer v. Berry,* 110 N. C., 463. At that time such actions were governed by the former law. The Code, sec. 136; *Brittain v. Dickson,* 104 N. C., 547. But section 136 has been repealed by Laws 1891, ch. 113, and the statute of limitations prescribed by The Code is applicable to this case, though original administration was taken out in 1866."

The right of action for legacies and distributive shares, or to have an accounting with an executor and a settlement, accrues two years from his qualification. Rev., secs. 144 and 147. The executor is required to distribute and pay over the assets to those entitled thereto at that time, and if he fails to do so, they may sue for the same. Rev., sec. 360, ch. 12, provides that civil actions can only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where in special cases a different limitation is prescribed by statute. But the objection that the action was not commenced within the time limited can only be taken by answer. The Code, sec. 138; C. C. P., sec. 17. It was upon those sections that the cases above cited were decided. Whether the statute of limitations bars this action we cannot decide until we know all the facts, which are not now before us. It may be that it is not barred, and that defendant is liable to account for any trust funds in his hands, but he says that there are none such, as he had fully accounted for them and paid them over to the proper persons entitled to receive them.

It is well settled by us that when the statute is pleaded, the burden is then upon the plaintiff, or party against whom it is set up, to show that his action was commenced within the time limited by the law, and not upon the defendant, or the one who pleaded it, to show the contrary. *House v. Arnold,* 122 N. C., 220; *Houston v. Thornton, ibid.,* 365; *Hooker v. Worthington,* 134 N. C., 283, at 285; *Gupton v. Hawkins,* 126 N. C., 81; *Sprinkle v. Sprinkle,* 159 N. C., 81; *Ditmore v. Rexford,* 165 N. C., 620. This being so, it was not proper to deny the plea without a trial. It may be admitted, however, that if defendant, as executor, has any of the trust funds in his hands and plaintiff shows that her action was brought in time, he will have to account for them. But it is to be fairly inferred from his answer that there are none now in his possession, he having fully accounted for them. But the evidence will reveal the true state of the case, and until it, or proper findings of the facts are before us, we are unable to say what is the executor's liability,

if any, and if any, how much.   We are required to give the defendant's answer a liberal and favorable construction, for the purpose of ascertaining its meaning, though informally expressed (*Blackmore v. Winders,* 144 N. C., 215; *Brewer v. Wynne,* 154 N. C., 467), and thus considered, it raises an issue as to the statute of limitations, with the burden upon the plaintiff to show that she is not barred.   If not barred, she will be entitled to have the referee proceed, under the order of the court, to take and state the account, with his conclusions of fact and law.

It may well be added that C. S., 439, subsec. 2 (Rev., sec. 393), and C. S., 441, subsec. 6 (Rev., sec. 395), relate to actions against executors, administrators, etc., on their official bonds, and not against an executor, administrator, etc., for a simple account and settlement.   Defendant is relying, in this case, as we infer, on C. S., 445 (Rev., sec. 399; C. C. P., sec. 37), and the other statutes specially mentioned in his answer.

There was error on the plea of the statute of limitations, and, as to that plea a new trial is ordered.

New trial.