The evidence tended to show that chapter 170, section 77 of the Private Laws of 1903 provided for the appointment of a sinking fund commissioner for the city of Washington, and that on 7 April, 1919, F. H. Bryan was duly appointed commissioner of the sinking fund of the plaintiff. On 10 April, 1919, defendant, National Surety Company, executed an indemnity bond on behalf of said Bryan for the faithful *Page 251 
performance of his official duties "for a period of one year, beginning 7 April, 1919, and ending on 7 April, 1920, or until his successor is duly elected or appointed and qualified." On 27 March, 1920, the defendant, Surety Company, issued a renewal of said bond "for the extended term, beginning 17 April, 1920, and ending on 7 April, 1921, subject to all the covenants and conditions of said bond." On 9 May, 1921, the minutes of the plaintiff showed the following: "The board accepts the report of the committee on custodian of the sinking fund and on loans. The Trust Company of Washington was duly elected commissioner of the said sinking fund to take effect as soon as the books are audited." On the next day, to wit, 10 May, 1921, Bryan was duly notified by the city clerk "that he was out as sinking fund commissioner and the Trust Company was in." On 31 May, 1921, Bryan loaned as sinking fund commissioner $16,714.19 to the Washington-Beaufort Land Company and $2,544 to Stewart, Bryan, Ellison and Boyd. Bryan's account as sinking fund commissioner was audited on or about 31 May, 1921, and the auditor filed his report 9 June, 1921. On the same day the financial committee of plaintiff and the auditor met with Bryan and an order was made "that the said F. H. Bryan pursuant to the audit above referred to turn over to the Trust Company of Washington, the sinking fund commissioner heretofore elected, the notes, securities and moneys set forth in the statement attached to the report of W. A. Thayer, as aforesaid," etc. On 10 June, 1921, the Trust Company accepted the office of sinking fund commissioner, refusing, however, "to receipt for any notes or securities executed by F. H. Bryan to himself as sinking fund commissioner, and refusing to become responsible for any of the notes or mortgages tendered by F. H. Bryan, sinking fund commissioner, and the president was directed to so advise Mr. Bryan, . . . and the city of Washington, and lay the matter before the city of Washington." On 11 June, Mr. Bryan was advised in writing by the Trust Company of Washington that it had decided "to accept the notes and securities tendered except those hereinafter more specifically mentioned," etc. On 11 June, 1921, the minutes of plaintiff show the following: "On motion duly made and carried the mayor and city attorney are instructed to take up the matter of sinking fund with F. H. Bryan . . . and the Trust Company of Washington, to make immediate adjustment and close the same."
Bryan died in November, 1929, and on 25 March, 1931, the present action was instituted by the plaintiff against the administrator of said deceased and the bondsman, National Surety Company, seeking to recover the amount of $16,714.19 representing a loan made by Bryan as sinking fund commissioner to the Beaufort Land Company, and the sum *Page 252 
of $2,544 representing a loan made by the said Bryan to Ellison and others. The National Surety Company, among other allegations pleaded as a defense the six-year statute of limitations. C. S., 439.
At the conclusion of all the evidence a judgment of nonsuit was entered and the plaintiff appealed.
When did the breach of the official bond of Bryan occur?
Ordinarily the statute of limitations which bars recovery upon an official bond, begins to run from the breach thereof. Our decisions have declared with unbroken uniformity that an official bond for the faithful performance of a public duty is breached at the time the officer fails or refuses to perform the required duty. Commissioners v. MacRae, 89 N.C. 95;Daniel v. Grizzard, 117 N.C. 105, 23 S.E. 93. Generally speaking, the cause of action accrues to an injured party when he is at liberty to sue, being at the time under no disability. Eller v. Church, 121 N.C. 269,28 S.E. 364; Brown v. Wilson, 174 N.C. 668, 94 S.E. 419; Piercev. Faison, 183 N.C. 177, 110 S.E. 857; McIntosh, North Carolina Practice Procedure, page 158, section 170.
When Bryan ceased to be sinking fund commissioner the law imposed upon him the duty to account for funds and securities in his hands. His failure or refusal to do so constituted a breach of his official bond and a cause of action for the enforcement thereof immediately arose to the city, for the reason that it was then at liberty to sue and under no disability. Obviously the breach occurred in 1921, and the action was not instituted until March, 1931. Consequently the trial judge ruled correctly in entering a judgment of nonsuit.
Affirmed.