JAMESTOWN MUTUAL INSURANCE COMPANY v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 21

(Filed 14 October 1970)

1. **Appeal and Error § 57— findings of fact — review**

Findings of fact which are supported by competent evidence, even though there is evidence *contra,* are conclusive on appeal.

2. **Appeal and Error § 28— exception to the failure to find certain facts**

Exceptions to the refusal of the trial judge to find certain facts will not be sustained when some of the findings requested are immaterial and the evidence in regard to others is conflicting, or appellant fails to introduce evidence in the record that would sustain such findings.

3. **Insurance §§ 100, 112— refusal of insurer to defend — defense by another insurer — subrogation rights**

Where an automobile liability insurer wrongfully refused to defend its insured against claims arising out of an automobile accident, a garage liability insurer that undertook the insured's defense is entitled to recover from the automobile insurer the sums paid out in the defense and settlement of the claims.

4. **Insurance § 112; Subrogation— refusal of insurer to defend — defense by another insurer — subrogation rights — volunteer**

A garage liability insurer that undertook the defense of a motorist whose own automobile liability insurer had wrongfully refused to defend him was not such a pure volunteer as to be deprived of the right of subrogation against the automobile liability insurer, where the garage liability insurer had defended in good faith on the ground that it would have been liable had there been an adjudication that the motorist's own policy did not provide coverage.

5. **Subrogation— equitable subrogation**

Generally, the doctrine of equitable subrogation may be invoked if the obligation of another is paid by the plaintiff for the purpose of protecting some real or supposed right or interest of his own.

6. **Limitation of Actions § 4; Insurance § 108— subrogation action — statute of limitations**

In an action by a garage liability insurer to recover sums expended in the defense of a motorist whose own liability insurer had wrongfully refused to defend him, the garage liability insurer, who was under no disability, was barred from recovering those sums that were paid more than three years prior to the institution of the action.

APPEAL by both plaintiff and defendant from *Judge Clarkson* at the March 9, 1970 Civil Session of the Superior Court of MECKLENBURG County, Session "D," the motion of plaintiff and

defendant to docket the appeal in this Court prior to determination in the Court of Appeals having been allowed.

Plaintiff, Jamestown Mutual Insurance Company (Jamestown) seeks to recover approximately $4,000 spent by it for adjustment services, settlement of claims, and defense of claims made against William Clark Hamrick (William), which amounts Jamestown contends defendant, Nationwide Mutual Insurance Company (Nationwide), should have paid. In addition, Jamestown seeks to recover approximately $3,000 expended by it in prosecution of a declaratory judgment action against Nationwide whereby it was determined that Nationwide had the obligation to provide automobile liability insurance coverage to William.

At the trial before Judge Clarkson, without a jury, judgment was entered that Jamestown recover the sum of $2,731.46 for defenses provided to Nationwide's insured William by Jamestown, and the sum of $1,363 for settlements made with Richard Splown and John Compton, and that Jamestown not recover the sum of $2,984.22 expended for a declaratory judgment action. Both Jamestown and Nationwide appealed. Jamestown elects not to perfect its appeal, and the case is now before this Court only on Nationwide's appeal.

*Haynes & Baucom by A. Myles Haynes for defendant appellant.*

*Craighill, Rendleman & Clarkson by Hugh B. Campbell, Jr., for plaintiff appellee.*

MOORE, Justice.

The facts briefly stated are as follows: On 8 February 1963 William Clark Hamrick was driving an automobile owned by Tedder Motor Company, with the view of purchasing it, when he was involved in an accident. As a result of the accident, Richard Wiseman Splown, John P. Compton, Mrs. Willie Bowles Lovelace, and Frances Sisk Holland made claims against William for personal injuries and property damages sustained in the accident. Nationwide, at the time, had in force a family automobile liability policy which it had issued to W. F. Hamrick, the father of William. Jamestown had in force a garage liability policy which it had issued to Thomas N. Tedder, d/b/a Tedder Motor Company. Both Jamestown and Nationwide investigated the

accident, and Nationwide erroneously, as it later developed, denied coverage to William on the ground that he was not a "relative" within the meaning of his father's policy and, further, because he was operating the automobile in the "automobile business" at the time of the accident. Jamestown's policy provided coverage to William "only if no other valid and collectible automobile liability insurance, either primary or excess, . . . is available to such person." Jamestown contends that had Nationwide admitted coverage, Jamestown would not have been liable under the terms of its policy. However, since Nationwide denied coverage, Jamestown notified Nationwide that it would process the claims arising out of the accident but would reserve all of its rights and all of its insured's rights under the law and under the terms of its poliicy to make later claims against Nationwide for indemnity, adjustment and legal expenses incurred in defense of litigation or in any suit to determine coverage as between the respective companies, and based upon its apparent duty to defend William, Jamestown did settle the claims made by Splown and Compton, and provided defenses to the suits brought by Mrs. Lovelace and Frances Holland.

On 14 February 1964 Jamestown filed a declaratory judgment action against Nationwide in the Superior Court of Mecklenburg County, seeking a determination of the rights, duties and liabilities as between the companies under the terms of their respective policies. Judgment was entered in favor of Jamestown. Nationwide appealed, and the judgment was affirmed by an opinion of this Court reported in 266 N.C. 430, 146 S.E. 2d 410. This decision established: (1) That Nationwide's policy affords coverage to William with respect to claims arising out of the collision, and (2) that Jamestown's policy does not afford coverage to William and that no claims by any of the injured parties arising out of this collision are valid against Jamestown. Under this decision Nationwide took over the defense of the Holland case, settled it, and paid to the limits of its policy the judgment in the Lovelace case.

Jamestown contends that in view of the decision in the declaratory judgment action, the trial court in this case properly found Jamestown was entitled to reimbursement from Nationwide for its expenses involved in this matter for investigation, settlement, and defense of the claims against Nationwide's insured William.

Nationwide contends (1) the lower court erred in making certain findings of fact in its judgment based upon the evidence introduced at the trial, and (2) the lower court erred as a matter of law in failing to dismiss Jamestown's action, in failing to adopt the findings of fact and conclusions of law and judgment tendered by Nationwide, in signing the judgment as it appears of record, and in failing to set aside the judgment as appears of record.

[1] A careful examination of the record discloses that the material findings of fact by the trial judge are amply supported by the evidence. Findings of fact which are supported by competent evidence, even though there is evidence *contra,* are conclusive on appeal. *Jamestown Mutual Ins. Co. v. Nationwide Mutual Ins. Co.,* 266 N.C. 430, 146 S.E. 2d 410; *Mitchell v. Barfield,* 232 N.C. 325, 59 S.E. 2d 810; *Distributing Corp. v. Seawell,* 205 N.C. 359, 171 S.E. 354. The assignments of error to the court's findings of fact are overruled.

[2] Nationwide further assigns as error the failure of the trial court to find the facts as tendered by Nationwide. Exceptions to the refusal of the trial judge to find certain facts will not be sustained when some of the findings requested are immaterial and the evidence in regard to others is conflicting, or appellant fails to introduce evidence in the record that would sustain such findings. *Jamestown Mutual Ins. Co. v. Nationwide Mutual Ins. Co., supra; Pittman v. Snedeker,* 264 N.C. 55, 140 S.E. 2d 740; 1 Strong's N. C. Index 2d, Appeal and Error § 28, p. 160. Applying these rules, the record discloses no error in the court's failing to adopt the findings of fact tendered by Nationwide.

Nationwide further contends the trial court erred as a matter of law in allowing Jamestown to recover under the subrogation provisions of Jamestown's policy or under subrogation by operation of law. It is well settled that an insurer who wrongfully refuses to defend a suit against its insured is liable to the insured for sums expended in payment or settlement of the claim, for reasonable attorneys' fees, for other expenses of defending the suit, for court costs, and for other expenses incurred because of the refusal of the insurer to defend. *Nixon v. 'Insurance Co.,* 255 N.C. 106, 120 S.E. 2d 430; *Anderson v. Insurance Co.,* 211 N.C. 23, 188 S.E. 642; Annot., 49 A.L.R. 2d 694 (1956); 44 Am. Jur. 2d, Insurance § 1547 (1969).

[3] This appeal poses the question: Can the plaintiff insurance company recover sums paid out in settlement of the claims

against the insured when the defendant insurance company wrongfully refused to defend its insured? Nationwide contends not, relying on the authority of *Fireman's Fund Insurance Company and the Insurance Company of the State of Pennsylvania v. North Carolina Farm Bureau Mutual Insurance Company*, 269 N.C. 358, 152 S.E. 2d 513. In *Fireman's Fund* the injured party brought suit against the named insured in an automobile liability policy and against the driver of the truck owned by the named insured. The insurer in the policy defended the action on behalf of the named insured while refusing to defend it on behalf of the driver. Upon the refusal of the insurer to defend the action as to the driver, the driver called on his liability insurers, in policies which only covered liability in excess of other insurance, to defend the action. His insurers employed attorneys to defend him but withdrew upon discovering facts which excluded coverage under their policies. Driver's insurers then brought this action against the insurer in the owner's liability policy to recover the amount expended by them for attorney's fees defending the driver. This Court held that judgment denying recovery was properly entered. In *Fireman's Fund* the injured party was claiming in excess of the limit of the primary policy so that the driver's defending insurers had their own interests to protect, and, in addition, each under the terms of their policies had a separate and distinct obligation to provide defense for the driver. This is not true in the present case. Under an automobile garage liability policy containing exactly the same exclusion clause as does Jamestown's policy in this case, our Court in *Allstate Insurance Co. v. Shelby Mutual Insurance Co.*, 269 N.C. 341, 152 S.E. 2d 436, held that the existence of other liability insurance was an event activating the exclusion clause of the garage liability policy (Jamestown's policy in this case) relieving the insurer under the garage liability policy from any liability or duty to defend its insured who was covered by other liability insurance. Nationwide's coverage having been established by the declaratory judgment action, Jamestown under *Allstate v. Shelby Mutual, supra*, had no liability and no duty to defend. These facts distinguish *Fireman's Fund* from the present case.

Upon Nationwide's refusal to defend William in this action, Jamestown, at the request of William, undertook to do so and settled two of the claims against William, tried the Lovelace case and obtained a stay of execution on the judgment until the ultimate liability to pay it could be determined, and provided a defense in the Holland case from the time of the in-

stitution of the action in September, 1964 until April, 1966 when relieved of the obligation to do so by the decision of the North Carolina Supreme Court in the declaratory judgment action. Jamestown also turned over to Nationwide, at Nationwide's request, all of Jamestown's investigative file relating to the Holland case. Nationwide stipulated that the settlements and the charges made by Jamestown for these services are fair and reasonable. Obviously, Nationwide benefited from the settlements made and services paid for by Jamestown. Under these circumstances, Nationwide should not be allowed to shift the burden of defense to its insured William or to Jamestown simply by denying coverage to William. To allow Nationwide to do so would allow it to escape its obligations under its policy.

[4] Nationwide contends, however, that Jamestown was a mere volunteer or intermeddler under no legal duty to defend in this case, and as such is not entitled to recover under the principle of subrogation. As stated in 50 Am. Jur., Subrogation § 23 (1944) : "The right of subrogation is not necessarily confined to those who are legally bound to make the payment, but extends as well to persons who pay the debt in self-protection, since they might suffer loss if the obligation is not discharged."

[5] Generally, the doctrine of equitable subrogation may be invoked if the obligation of another is paid by the plaintiff for the purpose of protecting some real or supposed right or interest of his own. *Boney v. Central Mutual Ins. Co. of Chicago*, 213 N.C. 563, 197 S.E. 122; *Moring v. Privott*, 146 N.C. 558, 60 S.E. 509; *Davison v. Gregory*, 132 N.C. 389, 43 S.E. 916; 22 N. C. L. Rev. 167 (1944). In *Boney*, the Home Insurance Agency took an order for an automobile liability policy from Thomas-Howard Company and confirmed placement with the Central Mutual Insurance Company of Chicago. Later, when Thomas-Howard Company had a liability claim made against it, Central Mutual denied coverage and Home Insurance Agency stepped in and provided a defense. It later turned out that Central Mutual had coverage and on appeal the Court asked this question: "Was claimant such a pure volunteer as to be deprived of the right of subrogation?" In answer, the Court said:

"'Cases in our own reports illustrate the doctrine that though the party who makes the payment may, in fact, have no real or valid legal interest to protect, he may yet be subrogated when he acts in good faith, in the belief that

he had such interest.' *Publishing Co. v. Barber, supra* [165 N.C. 478, 81 S.E. 694]. . . .

* * *

"It is sufficient to invoke the doctrine of subrogation if (1) the obligation of another is paid; (2) 'for the purpose of protecting some real or supposed right or interest of his own.' 60 C. J., Subrogation, Sec. 113."

[4] In the instant case Jamestown defended because Nationwide refused to do so. Jamestown defended in good faith as Jamestown would have been liable had it been adjudged that Nationwide's policy did not provide coverage for William. Under these circumstances, Jamestown was not such a pure volunteer as to be deprived of the right of subrogation. *Boney v. Central Mutual Ins. Co. of Chicago, supra; Publishing Co. v. Barber*, 165 N.C. 478, 81 S.E. 694.

[6] Finally, Nationwide contends that a portion of expenses incurred by Jamestown in connection with the settlements and defense of claims against William were paid more than three years prior to the institution of this action (31 October 1967) and are barred by the three-year statute of limitations, G.S. 1-52(1).

"Generally, a cause of action accrues to an injured party so as to start the running of the statute of limitations when he is at liberty to sue, being at that time under no disability. . . . When the statute of limitations begins to run it continues until stopped by appropriate judicial process." *Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E. 2d 570; *Peal v. Martin*, 207 N.C. 106, 176 S.E. 282; *Washington v. Bonner*, 203 N.C. 250, 165 S.E. 683; 5 Strong's N. C. Index 2d, Limitation of Actions § 4.

In the present case Jamestown was under no disability and could have instituted suit against Nationwide at the time it paid those items which it contends Nationwide should have paid. The rights and obligations of Jamestown and Nationwide under their respective policies could have been determined in such action as well as in a declaratory judgment action. Jamestown having delayed more than three years after payment to bring action for collection of some of such items is now barred by the three-year statute as to those paid more than three years prior to the institution of this action.

We hold that the items paid more than three years prior to 31 October 1967, the date of the institution of this action, shown by the record to amount to $1,813.60, are barred by the statute of limitations, and that the judgment entered by Judge Clarkson should be reduced by that amount. As modified, the judgment is affirmed.

Modified and Affirmed.