EDWARDS v. LEMMOND.

(Filed November 1, 1904).

EXECUTORS AND ADMINISTRATORS—*Limitations of Actions—The Code, secs. 136, 158, 1402, 1488—Acts 1891, ch. 113.* .

An action against an executor or administrator is barred in ten years after the two years allowed for the settlement of estates have expired.

ACTION by Unity E. Edwards against R. W. Lemmond, heard by *Judge R. B. Peebles* and a jury, at August Term, 1904, of the Superior Court of UNION County. From a judgment for the defendant the plaintiff appealed.

*Adams, Jerome & Armfield,* for the plaintiff.
*Redwine & Stack* and *Lorenzo Medlin,* for the defendant.

CLARK, C. J. This was a proceeding for a settlement of Addison Whitley's estate, commenced before the Clerk and removed to the civil issue docket upon issues of fact being joined. Whitley died in 1866, having appointed his wife Samira Whitley his executrix. She filed an account in 1870, showing a small balance in her hands. She died in 1901. The plaintiff administerd on the estate of Addison Whitley and the defendant administered on Samira Whitley's estate. His Honor held that the account filed in 1870 was not a final account. But under the instructions of the Court the jury found that the plaintiff's action was barred by the statute of limitations, and from the judgment rendered the plaintiff appealed. The action was commenced September 17, 1903. The only point raised by the appeal is as to the statute of limitations.

Section 1488 of The Code forbids an executor or administrator to hold in his hands, after two years from his qualification, more of the deceased's estate than amounts to his necessary charges, etc., and requires an immediate payment of the estate to the persons to whom the same "may be due by law or by the will of the deceased." Section 1402 affords any one interested in the estate a right and a remedy to compel a final settlement "at any time after two years." The right of action certainly accrued two years after qualification. In certain cases suit may be brought within two years, as where the executor is insolvent and wasting the property. *Godwin v. Watford,* 107 N. C., 168.

At the end of two years the law makes the demand and puts an end to the express trust, though no express demand is made by any party interested upon the executor or administrator. He is in default, and an action will lie at the end of

the two years at the instance of any one entitled to have an account and settlement of the estate, *Walker, J.,* in *Self v. Shugart,* 135 N. C., at bottom of p. 194. It is familiar learning that the statute begins to run whenever the party becomes liable to an action if the plaintiff is under no disability. *Eller v. Church,* 121 N. C., 269. There having been no action begun within ten years, during which actions could have been brought, this action is barred by The Code, sec. 158. *Hunt v. Wheeler,* 116 N. C., 424. In *Wyrick v. Wyrick,* 106 N. C., 84, this was intimated and was reaffirmed in *Kennedy v. Cromwell,* 108 N. C., 1. *Grant v. Hughes,* 94 N. C., 231, and *Bushee v. Surles,* 77 N. C., 62, relied on by the plaintiff, were both cases where the original adminis-. tration began under the law prior to The Code, as is stated by *Davis, J.,* in *Woody v. Brooks,* 102 N. C., at p. 344. The same is true of *Phifer v. Berry,* 110 N. C., 463. At that time such actions were governed by the former law. The Code, sec. 136; *Brittain v. Dickson,* 104 N. C., 547. But section 136 has been repealed by chapter 113, Acts 1891, and the statute of limitations prescribed by The Code is applicable to this case, though original administration was taken out in 1866. *Nunnery v. Averitt,* 111 N. C., 394; *Alexander v. Gibbon,* 118 N. C., 796, 54 Am. St. Rep., 757. If this were not the case this action would still be barred by the unrebutted presumption of settlement arising from the lapse of twenty years under the former law. *Thompson v. Nations,* 112 N. C., 508. The dictum in *Woody v. Brooks,* 102 N. C., at p. 339 (decided by a divided Court), that no statute runs unless a final account is filed, was overruled in *Kennedy v. Cromwell,* 108 N. C., 1, as appears by the dissenting opinion of *Merrimon, C. J.,* in the latter case. In *Kennedy v. Cromwell,* the intestate guardian never filed any final account— only made a return in 1862—and never in any way accounted or settled with the ward, but the Court held that the ward

was barred. While the opinion was based on the fact that there was a demand and refusal, yet it says: "In any aspect of the case the claim of the plaintiff is barred by the statute of limitations and the Court below should have dismissed the action."

The learned Judge below gives his reasons for his ruling in this case so aptly that we quote them: "After providing a number of special statutes of limitation, none of which include the case at bar, section 158 provides that 'An action for relief not herein provided for must be commenced within ten years after the cause of action shall have accrued. It is clear to my mind that the purpose of this statute was to leave no one (where no disabilities exist) exposed to an action for a longer period than ten years. The expression that the trust of an administrator or executor is a 'continuing trust,' in the sense that it requires a demand and refusal before an action can be maintained by a legatee or distributee, is misleading. Section 1488 of The Code closes the trust in two years after the qualification, and after then there can be no question that a legatee or distributee can maintain an action without demand and refusal. It is the statute, and not the demand and refusal, that closes the trust. The cause of action certainly accrued two years after the qualification. The action must be brought 'within ten years after the cause of action accrued.' If this position is not true there is no statute of limitation applicable to this class of cases, and the estates of executors and administrators are liable to be successfully sued twenty, thirty and forty years after their deaths if one witness can be found, as in this case, who will say that within twenty years he heard the executor or administrator acknowledge that the claim had not been paid. This would open wide the door to fraud and the temptation to perjury."

As to the personal property given the widow for her life, if it still exists, it cannot be recovered in this action, but

must be sued for by the legatees entitled thereto. It is true it was ordered to be sold after the death of the executrix and divided between them, but the testator could not have intended that the executrix should do this, and the plaintiff administratrix *c. t. a.* could have no greater power.

No Error.