KATHLEEN BRYSON MOORE v. T. D. BRYSON, JR., AND
E. C. BRYSON

No. 7130SC180

(Filed 28 April 1971)

Limitation of Actions § 9— action to recover share of estate

Action by remainderman against executors to recover an un-
distributed share of an estate accrued two years after defendants
qualified as executors, and the action was barred by the ten-year
statute of limitations, G.S. 1-56, where the executors qualified in 1955
and the action was commenced in 1970.

APPEAL by plaintiff from *Snepp, Superior Court Judge,*
11 November 1970 Session of SWAIN County Superior Court.

Plaintiff alleged three causes of action against the defend-
ants. In her first cause of action, plaintiff alleged that the
plaintiff and defendants are devisees and legatees under a re-
siduary clause in the will of D. R. Bryson, deceased; that defend-
ants were appointed executors of the Estate; that more than
two years have elapsed since the appointment of defendants as
executors; and that no final accounting had ever been filed. In
her prayer for relief, plaintiff requested that the defendants
be required to file a final accounting and pay over to her such
amounts as may be shown owing.

In the second cause of action, plaintiff incorporated by
reference the allegations of the first cause of action and further
alleged that there has been available for distribution to the re-
maindermen the sum of $6,992.25, part of which was paid,
without authorization, to the defendants as commissions; and
that defendants are not entitled to said commissions due to
their improper handling of the Estate. Plaintiff sought judg-
ment in the amount of $1,165.35 with interest as her pro rata
share of the funds in the Estate.

In her third cause of action, plaintiff alleged that defend-
ants, as executors of the Estate, had received rents and profits
from certain real property belonging to plaintiff and other re-
maindermen as tenants in common and have refused to account
for the profits. Plaintiff prayed for an accounting and the dis-
tribution of her share of any profits.

Defendants, in their answer, admitted that they were the duly appointed executors of the Estate of D. R. Bryson and were appointed 27 December 1955; that they have never filed a final accounting; and that they each received $2,000.00 for their services to the Estate. They denied any improper handling of the Estate and denied the availability of $6,992.25 for distribution to the remaindermen. As an affirmative defense to both the first and second causes of action, defendants pleaded the ten-year statute of limitations. As to the third cause of action, defendants denied that they had received any rents and profits from the land in question.

Defendants then moved for summary judgment on the basis of the statute of limitations and requested that their motion be treated as an affidavit in support of the motion.

The trial judge found that the first and second causes of action were barred by the running of the statute of limitations and granted the motion for summary judgment and dismissed them with prejudice. The third cause of action was retained for trial at next session. From the granting of the motion for summary judgment, the plaintiff appeals to this Court.

*Clark & Tanner by Eugene Tanner for plaintiff appellant.*

*Stedman Hines and E. C. Bryson (In Propria Persona) for defendant appellees.*

CAMPBELL, Judge.

Plaintiff's only assignment of error is directed at the granting of the motion for summary judgment as to the second cause of action. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). The pleadings show that the defendants were appointed executors of the Estate of D. R. Bryson on 27 December 1955. The complaint in the present action was filed 19 January 1970.

The sole question is whether or not the action is now barred by the running of the ten-year statute of limitations, G.S. 1-56. Plaintiff distinguishes this action for recovery of an undistributed share of an estate from an action for an accounting and contends that the statute of limitations in this action does not

begin to run until there has been a demand and a refusal, whereas in an action for an accounting the statute makes a demand two years after the personal representative qualifies.

Plaintiff relies on *Pearson v. Pearson,* 227 N.C. 31, 40 S.E. 2d 477 (1946). There the administrator *d. b. n., c. t. a.* was in possession of the land under a court order permitting him to continue farming operations. He permitted the land to be foreclosed and bought it himself at the foreclosure sale. An action was brought to declare a constructive trust on the land. The Court held that, in the absence of a demand and refusal, the statute of limitations in an action to impose a constructive trust upon the administrator did not begin to run until the administrator completed and closed the administration.

No constructive trust is sought to be imposed in the present action, rather this involves an express trust. The distinction between an action for recovery of an undistributed share of an estate from an action for an accounting, which the plaintiff seeks to make in this case, is not a valid one.

We think this case is controlled by *Edwards v. Lemmond,* 136 N.C. 329, 48 S.E. 737 (1904), and *Pierce v. Faison,* 183 N.C. 177, 110 S.E. 857 (1922). In the latter case it is stated:

"The right of action for legacies and distributive shares, or to have an accounting with an executor and a settlement, accrues two years from his qualification. . . . The executor is required to distribute and pay over the assets to those entitled thereto at that time, and if he fails to do so, they may sue for the same. . . ."

Here the claim or cause of action accrued on 27 December 1957, two years after the qualification of the defendants as executors and the statute of limitations began running at that time. No disability having been alleged or shown, the action was barred by the statute of limitations at the time it was commenced, and hence the motion for summary judgment was properly granted.

Affirmed.

Judges BRITT and GRAHAM concur.