BARBARA LARKINS WARD TYSON v. NORTH CAROLINA NATIONAL BANK

No. 803SC776

(Filed 21 July 1981)

1. **Limitation of Actions § 4— breach of fiduciary duty in administration of estate—applicable statute of limitations**

    The ten-year statute of limitations provided in G.S. 1-56 applied to plaintiff's claim for damages for breach of fiduciary duty in the administration of her deceased husband's estate, and plaintiff's action was therefore timely where her husband died 28 September 1968, defendant submitted its final account as executor on 14 September 1972, and plaintiff's complaint was filed 11 July 1979.

2. **Executors and Administrators § 39— breach of fiduciary duty—summary judgment for executor proper**

    In plaintiff's action to recover for defendant's alleged breach of various fiduciary duties as executor of the estate of plaintiff's husband, the trial court properly entered summary judgment for defendant, though defendant failed to include the family residence in the estate of the husband until two years after his death because defendant believed the home had been held by plaintiff and her husband as tenants by the entirety, since the debts of the estate, not including taxes and expenses of administration, totaled slightly more than $82,000; decedent's will directed that these debts be paid out of the principal of the estate; the residence, appraised at $52,500, commercial property, appraised at $8,500, and a tobacco farm, appraised at $74,940, were the only readily marketable properties in the estate; sale of the residence and the commercial property would have raised only $61,000; defendant was not required to disregard the direction in the will to pay the debts out of the principal of the estate in the performance of its duties; the alternative of mortgaging the tobacco farm and other alternatives suggested by plaintiff were not reasonably available to defendant; and under these facts, defendant's negligence, if any, in failing initially to include the residence in the estate was not the proximate cause of the injuries of which plaintiff complained.

3. **Executors and Administrators § 5.3— executor as creditor—no conflict of interest**

    No conflict of interest is created by the mere fact that the executor of the estate also occupied the status of creditor. G.S. 28A-4-1(b)(4).

    Judge CLARK dissenting.

APPEAL by plaintiff from *Rouse, Judge.* Judgment filed 10 June 1980 in Superior Court, PITT County. Heard in the Court of Appeals 4 March 1981.

Plaintiff's complaint, filed 11 July 1979, alleged that defendant breached various fiduciary duties in carrying out its duties as executor of her husband's will. Defendant's answer admitted that it stood in a fiduciary relationship to the plaintiff, but denied it was negligent or otherwise breached any fiduciary duty owed to plaintiff, and raised the statute of limitations.

The facts are as follows: Plaintiff's husband died on 28 September 1968, and, under the terms of his will, defendant NCNB's predecessor, State National Bank, was named Executor of the estate and Trustee of two trusts created under the will.

At the time of his death decedent owned real estate which included a tobacco farm, two commercial lots on Cotanche Street in Greenville, North Carolina, three residential lots and an undivided one-half interest in eighteen residential lots. Decedent also owned the family residence, which was not included as an asset of the estate because the defendant erroneously assumed that the home was owned by the decedent and plaintiff as tenants by the entireties. The total appraised value of all the real estate was approximately $234,000.

As the will directed the defendant to pay the decedent's debts out of the principal of his estate, and the personal property in the estate was inadequate to pay the debts, the defendant had three appraisers make formal appraisals of all property in the estate and, subsequently, with the court's permission, sold the tobacco farm, the only income-producing property in the estate, and the Cotanche Street property. The tobacco farm was purchased by the plaintiff, as guardian for her children, with funds from their separate estates pursuant to a special proceeding on 12 November 1969. Approximately one year later, when plaintiff attempted to sell the residence, it was discovered that defendant had been its sole owner, and that it should have been included as an asset of the estate.

As a result of invasion of the principal from time to time to provide support for the plaintiff, the value of the trust assets had decreased from $245,000 at the end of 1973, to $95,000 as of 1 January 1978.

On 19 September 1979 defendant filed a motion for summary judgment along with supporting affidavits. Plaintiff moved for

·partial summary judgment on 8 April 1980. After considering the pleadings, affidavits and other materials, the trial court denied plaintiff's motion and entered summary judgment in favor of the defendant. Plaintiff appeals.

*Susan H. Lewis and Donald Beskind for plaintiff appellant.*

*Helms, Mulliss & Johnston, by Nancy Black Norelli and E. Osborne Ayscue, Jr., for defendant appellee.*

ARNOLD, Judge.

Plaintiff's only assignment of error is that the trial court erred in granting defendant's motion for summary judgment.

In general, summary judgment is appropriate where the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c); *Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 268 S.E. 2d 190 (1980); *Durham v. Vine*, 40 N.C. App. 564, 253 S.E. 2d 316 (1979).

[1] The initial question before the Court is whether plaintiff's cause of action is barred by the running of the statute of limitations. The pleadings show that plaintiff's husband died 28 September 1968, and defendant submitted its final account as executor on 14 September 1972. The defendant argues that the three-year statute of limitations provided in G.S. 1-52 (1) applies to this action rather than the ten-year catch-all statute of limitations urged by plaintiff. We disagree.

The claim involved herein for damages for breach of fiduciary duty in the administration of plaintiff's deceased husband's estate is distinguishable from the claims involved in the cases cited by defendant. We find therefore that, as no other statute limits an action of this nature, the ten-year statute provided in G.S. 1-56 applies, and plaintiff's action is timely.

As to the substantive issues involved in this appeal, it is well-established that on a motion for summary judgment, the burden of establishing the absence of any genuine issue of material fact is on the moving party. This burden can be met by showing the nonexistence of an essential element of plaintiff's

cause of action, or by showing through discovery that plaintiff cannot provide evidence to support an essential element of his claim. *Thomasville v. Lease-Afex, Inc., supra; Durham v. Vine, supra.* If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial, or must provide an excuse for not making such a showing. *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979).

[2] A review of the record reveals that certain facts are not in dispute. The parties agree that defendant stood in a fiduciary relationship to plaintiff while serving as executor of her late husband's estate, and that the family residence was not included in the estate until late 1970 because the defendant believed it had been held by plaintiff and her husband as tenants by the entirety. Plaintiff does not dispute that her husband's will provided that his debts be paid out of the principal of his estate, that his debts, not including taxes and expenses of administration, totalled eighty-two thousand two hundred sixty-eight dollars ($82,268.00), that upon appraisal in February 1969 the residence and lot were valued at $52,500, the Cotanche Street property was valued at $8,500, and the tobacco farm was valued at $74,940. Further, plaintiff does not dispute that no other real property in the estate was readily marketable. With permission of the court, defendant sold the tobacco farm and the Cotanche Street property to pay the estate's debts in December 1969. Plaintiff purchased the tobacco farm as guardian for her children. In late 1970, when plaintiff attempted to sell the homeplace, it was discovered that decedent had owned the house individually. The house was then sold for $60,000.

Conceding defendant's negligence in failing to include the homeplace, the parties disagree only as to whether the homeplace would have been sold rather than the tobacco farm if the residence had been included in the estate.

Plaintiff argues that summary judgment in favor of defendant was improper since defendant's evidence that the homeplace would not have been sold in any event because it was occupied by the widow and three minor children is not competent, and even if properly considered, it merely raises a material factual issue and the need to test the credibility of defendant's witness on cross-

examination. Plaintiff further argues that an inference must be drawn that the sale of the house and a small mortgage on the tobacco farm would have satisfied all creditors and prevented the damage to plaintiff from the sale of the tobacco farm. Therefore, in plaintiff's view, the question of the reasonableness of defendant's actions was a question for the jury.

Defendant argues that it met its burden in regard to its summary judgment motion. It presented the affidavit of Mr. B. B. Suggs, a trust officer whose duties included supervising the trust officer who administered the estate of James Harvey Ward, Jr., concerning defendant's practices with regard to selling family homes, and, since eight months passed between the filing of defendant's motion and the entering of the court order thereon, defendant argues plaintiff had ample time in which to conduct discovery to test Mr. Suggs' credibility.

Defendant further argues that the uncontradicted evidence shows that the will directed payment of debts out of principal; that the debts totalled more than the combined value of all readily marketable property other than the tobacco farm; and that plaintiff's failure to introduce any contradictory evidence warranted the entry of summary judgment in its favor.

Disregarding the question of whether it would have been reasonable for defendant Bank not to sell the homeplace because of the widow and children, and the question of Mr. Suggs' credibility, the undisputed facts show that the debts of the estate, not including taxes and expenses of administration, totalled slightly more than $82,000. The decedent's will directed that these debts be paid out of the principal of the estate. The residence appraised at $52,500, the Cotanche Street property appraised at $8,500, and the tobacco farm appraised at $74,940, were the only readily marketable properties in the estate. Simple mathematics indicates that the sale of the residence and the Cotanche Street property would have raised only $61,000. Plaintiff's argument that she is entitled to an inference that defendant could have avoided selling the farm by mortgaging it to raise the difference is without merit. Decedent's will had directed defendant to pay the debts out of the principal of the estate. While in an unusual case an executor might be required to disregard such a direction in the proper performance of its duties, the facts of this

case do not warrant such an inference. The alternative of mortgaging the farm, therefore, as well as the other alternatives suggested by plaintiff, were not reasonably available to the defendant.

Under these facts, the defendant's negligence, if any, in failing to initially include the residence in the estate, was not the proximate cause of the injuries of which plaintiff complains. Defendant has, therefore, met its burden of proving that an essential element of plaintiff's claim is nonexistent and, therefore, we find that granting summary judgment for the defendant on the negligence claim was proper.

Plaintiff's first and second alternative claims for relief are that defendant breached its fiduciary duty by not settling the estate with as little sacrifice as was reasonable under the circumstances, and by failing to take reasonable action to retain income-producing property. Plaintiff argues that summary judgment was improper because it was for the jury to decide whether defendant, had it included the residence in the estate, breached its duty by selling the tobacco farm. We disagree. As previously pointed out, selling the house rather than the farm would not have raised sufficient funds to pay off the debts of the estate. There is no evidence in the record to support an inference that selling the farm was unreasonable and, therefore, summary judgment was appropriate on these two claims.

Plaintiff's third alternative claim for relief is that defendant breached its fiduciary obligation of loyalty by selling the tobacco farm. The undisputed facts pertinent to this claim are as follows: The decedent was substantially indebted to defendant prior to the execution of the will naming the defendant as executor, and this indebtedness was disclosed by defendant in the petition to sell the farm, to which the plaintiff, as guardian of her children, filed a verified answer.

[3] No conflict of interest is created by the mere fact that the executor of the estate also occupied the status of creditor. See G.S. 28A-4-1(b)(4). Furthermore, a review of the record reveals no evidence of any use by defendant of its powers as executor that would constitute a breach of its fiduciary duty of loyalty.

Accordingly, we find that the trial court properly granted defendant's motion for summary judgment as to all of plaintiff's claims and the judgment is therefore

Affirmed.

Judge MARTIN (Harry C.) concurs.

Judge CLARK dissents.

Judge CLARK dissenting.

The defendant having breached its fiduciary duty in failing to include the homeplace as an asset of the estate, the question is whether the defendant has carried its burden of showing on its motion for summary judgment that its breach did not result in a loss to the plaintiff. Because of such breach this asset was not considered by the defendant in determining whether the farm, the only income producing asset, should be sold to pay debts.

The majority decision relies primarily on the provision that the debts of the estate be paid out of the principal of the estate and that the sale of the farm was necessary because the value of the homeplace and other assets were insufficient to pay the debts.

I find it difficult to accept the proposition that this provision so restricted the duty of the executor-trustee to the plaintiff and other beneficiaries. Defendant sold the only income producing asset of the estate. Soon thereafter the homeplace was sold, at which time it was discovered that the homeplace was an asset of the estate.

In my opinion the defendant has not established at this stage of the proceeding that its breach did not result in a loss to plaintiff. I vote to reverse.