BARBARA LARKINS WARD TYSON v. NORTH CAROLINA NATIONAL BANK

No. 123

(Filed 27 January 1982)

1. **Appeal and Error § 2— question presented to Court of Appeals—properly before Supreme Court**

    Where defendant contended in the Court of Appeals that plaintiff's claim was barred by the statute of limitations but that court upheld summary judgment for defendant on other grounds, defendant did not have to cross appeal from the Court of Appeals' disposition of the limitations issue. Under App. R. 16(a), as the defendant presented the statute of limitations question to the Court of Appeals, upon plaintiff's appeal, it was also entitled to present that question to the Supreme Court.

2. **Limitation of Actions § 4.3; Executors and Administrators § 39— actions against executors for breach of fiduciary duty—statute of limitations**

    In an action by plaintiff alleging defendant breached certain fiduciary duties as executor of her husband's estate and as trustee of two testamentary trusts by failing to exercise reasonable care in marshaling the assets of the estate, her action was essentially grounded in contract and was subject to the three-year limitation of G.S. 1-52(1). G.S. §§ 1-50(2), 1-56 and 28A-13-10(c).

ON appeal of right pursuant to G.S. 7A-30(2) (1981) of the decision of the Court of Appeals, one judge dissenting, reported at 53 N.C. App. 189, 280 S.E. 2d 478 (1981), affirming summary judgment in favor of defendant.

*Susan H. Lewis and Donald H. Beskind for plaintiff-appellant.*

*Helms, Mulliss & Johnston, by E. Osborne Ayscue, Jr., and Nancy Black Norelli, for defendant-appellee.*

CARLTON, Justice.

## I.

Plaintiff initiated this action by complaint filed 11 July 1979 alleging that defendant had breached certain fiduciary duties as executor of her husband's estate and as trustee of two testamentary trusts. Defendant's answer asserted that plaintiff had failed to state a claim for which relief could be granted, denied that it had breached any duties owed plaintiff, and asserted as defenses the statute of limitations, estoppel, laches, and that plaintiff's action constituted an impermissible collateral attack on a prior adjudication.

The essential facts of the controversy are not in dispute: Defendant's predecessor, State Bank and Trust Company, was named executor in the will of plaintiff's husband who died on 28 September 1968.[1] Decedent's will established two trusts, both of which were for the primary benefit of plaintiff. The will named defendant's predecessor as trustee of these trusts.

At the time of his death plaintiff's husband owned a considerable amount of real estate. His holdings included a tobacco farm, two commercial lots on Cotanche Street (Cotanche property), three residential lots in the Sedgefield subdivision, and undivided half-interests in eighteen lots, also in the Sedgefield subdivision. Decedent also owned the home in which he, his wife and their three children had lived. (Decedent did not make a disposition of the home in his will, apparently because he believed that it was owned by himself and his wife as tenants by the entirety.) At the time of decedent's death he had incurred debts amounting to approximately $82,268, a substantial part of which were owed to State Bank. The will directed that the debts be paid out of the principal of the estate.

Because defendant believed that the homeplace had been owned by the decedent and plaintiff as tenants by the entirety, it

---

1. State Bank and Trust Company and defendant North Carolina National Bank entered into a merger agreement on 28 March 1969.

was not initially included in the estate. Of the other real property owned by decedent only the tobacco farm and the commercial lots on Cotanche Street were readily marketable. At the time of decedent's death the tobacco farm was valued at approximately $74,940 and the Cotanche Street property was appraised at $8,500. In December 1969 the defendant sold the tobacco farm and the Cotanche Street property. The properties were sold for $74,940.00 and $8,500.00 respectively. Plaintiff, acting as guardian for her children, purchased the tobacco farm with money from their separate estates.

Approximately one year later plaintiff attempted to sell the family home and discovered that the title was in decedent's name alone. In December 1970, after learning that the home had been owned by the decedent alone and was part of his estate, defendant sold the home for $60,000.

The tobacco farm was the only significant income-producing asset in the estate. In the accounting period immediately following decedent's death the tobacco farm had a gross income of approximately $25,000, and, in the years following the sale was alleged to have yielded an average yearly income to its owners of $8,400.

Plaintiff's complaint alleges that the tobacco farm's value has increased to over $1,000,000 and that the Cotanche Street property is presently worth $80,000. After the sale of the tobacco farm the yearly income receipts of the two trusts were alleged to have been approximately $2,000 and the value of the assets held by the trusts has declined from approximately $245,000 at the end of 1973 to $95,000 as of 1 January 1978 because the principal had been invaded to provide support for plaintiff and her family.

Plaintiff's action is based primarily on the claim that the defendant should have discovered that the family home was in decedent's sole name. Had defendant known that the home was an estate asset, plaintiff argues, it would have or should have sold the home to pay the debts and retained the tobacco farm.[2] She

2. Plaintiff also claimed damages for sale of the Cotanche Street property, alleging that the sale constituted self-dealing. Because plaintiff did not brief this issue in this Court nor in the Court of Appeals, we deem that she has abandoned her second claim for relief.

prayed for damages in the amount of $625,000 and requested $500,000 in punitive damages for defendant's alleged breach of the fiduciary duty of loyalty.

Defendant moved for summary judgment on several grounds, including the statute of limitations, estoppel and laches. Plaintiff filed a motion for partial summary judgment on the statute of limitations question and, alternatively, to disallow defendant's assertion of the statute of limitations and laches on the ground of equitable estoppel. On 9 June 1980 Judge Rouse, after a hearing, denied plaintiff's motion and allowed defendant's motion. Plaintiff appealed.

The Court of Appeals affirmed in an opinion by Judge Arnold in which Judge Martin (Harry C.) concurred. It held that while the action was not barred by the statute of limitations, plaintiff had no claim because the undisputed facts showed that the total proceeds from the sale of the house and the Cotanche Street property would have been insufficient to pay the decedent's debts. That court rejected plaintiff's argument that the debts could have been satisfied by selling the home and the Cotanche Street property and mortgaging the tobacco farm. The court gave as its reason the provision in the will directing that debts be paid out of the principal of the estate. Judge Clark dissented.

II.

Plaintiff has raised several questions on appeal to this Court: (1) whether the incorporation by reference of the provisions of G.S. 32-27(1) to -27(30), which includes a provision allowing mortgaging of property, G.S. § 32-27(12), gave defendant the power to mortgage the tobacco farm, and (2) if defendant had such a power, whether plaintiff has shown sufficient questions of fact to defeat defendant's summary judgment motion. In light of our disposition of the statute of limitations question, discussed below, we find it unnecessary to address these issues and express no opinion on them.

III.

In its summary judgment motion, defendant raised the statute of limitations as a bar to plaintiff's action. Plaintiff took exception to the trial court's entry of summary judgment for

defendant and contended in the Court of Appeals that the action was not barred. Although the Court of Appeals decided this issue in plaintiff's favor, see 53 N.C. App. at 191, 280 S.E. 2d at 479-80, it affirmed the entry of summary judgment on other grounds.

[1] Plaintiff contended on oral argument that because defendant did not cross appeal from the Court of Appeals' disposition of this issue, it has waived its right to assert that ground before this Court. We disagree. Defendant was the appellee both in the Court of Appeals and in this Court. Rule 16(a) of the Rules of Appellate Procedure (1981) defines the scope of review of decisions of the Court of Appeals and provides, "A party who was an appellee in the Court of Appeals and is an appellee in the Supreme Court may present any questions which . . . he properly presented for review to the Court of Appeals." Defendant's brief before the Court of Appeals included the argument that "THIS SUIT IS BARRED BY THE RUNNING OF THE STATUTE OF LIMITATIONS." In its brief before this Court defendant responded to the questions raised in the appellant's brief and asserted additional arguments in support of the entry of summary judgment: "II. IN ADDITION, SEVERAL OTHER DEFENSES RAISED BY DEFENDANT BUT ERRONEOUSLY REJECTED OR NOT REACHED BY THE COURT OF APPEALS WERE SUFFICIENT TO DISPOSE OF THIS CLAIM ON SUMMARY JUDGMENT . . . . B. This suit is barred by the running of the statute of limitations." Thus, defendant presented the statute of limitations question to the Court of Appeals and, under Rule 16(a) of the Rules of Appellate Procedure, is entitled to present that question to this Court.

[2] Defendant contends that the limitation of this action is governed by G.S. 1-52(1) (Supp. 1981),[3] a three-year statute of limitations, and that plaintiff's action is barred. Alternatively, defendant contends that the six-year statute of limitations, G.S. § 1-50(2) (Supp. 1981),[4] bars this action. Plaintiff, in her Court of

---

3. That statute provides: "Within three years an action—. . . (1) Upon a contract, obligation or liability arising out of a contract, express or implied, except those mentioned in the preceding sections or in G.S. 1-53(1)."

4. G.S. 1-50(2) provides: "Within six years an action—. . . (2) Against an executor, administrator, collector, or guardian on his official bond, within six years after the auditing of his final account by the proper officer, and the filing of the audited account as required by law."

Tyson v. N.C.N.B.

Appeals' brief, argued that neither of the above statutes applied and that the ten-year statute of limitations, G.S. § 1-56 (1969)[5], applied and did not bar her action. The Court of Appeals agreed with plaintiff.

Our research reveals that the issue of which statute of limitations applies to an action against an executor for breach of fiduciary duty has never been considered by this Court. Defendant cites us to numerous cases which hold that the three-year statute applies to actions for breach of an express trust, *e.g.,* *Solon Lodge v. Ionic Lodge,* 247 N.C. 310, 101 S.E. 2d 8 (1957); *Teachey v. Gurley,* 214 N.C. 288, 199 S.E. 83 (1938), and plaintiff cited in her Court of Appeals' brief numerous cases applying the ten-year statute to actions seeking to impose a constructive trust, *Jarrett v. Green,* 230 N.C. 104, 52 S.E. 2d 223 (1949); *Moore v. Bryson,* 11 N.C. App. 149, 180 S.E. 2d 437 (1971).

The remedy sought by this action is not to impose a constructive trust or to seek an accounting, as in *Jarrett,* but is to recover *damages* for breach of fiduciary duty. Actions seeking to impose a constructive trust or to obtain an accounting involve conduct which approaches the level of fraud, *see Jarrett v. Green,* 230 N.C. 104, 52 S.E. 2d 223 (executor sold stock at greatly less than its fair market value to himself and associates), and for that reason the ten-year statute, G.S. § 1-56, applies. In this case, however, plaintiff's complaint is essentially grounded on defendant's alleged failure to exercise reasonable care in marshaling the assets of the estate. There is no allegation that the price received for the tobacco farm was anything less than its then fair market value or that the farm was sold to a friend or associate of the executor. Indeed, plaintiff herself, acting as guardian of her minor children, purchased the farm.

The instant case, therefore, is more nearly akin to *Teachey,* in which this Court properly concluded that an express trust should be assumed from the facts. The three-year statute was held applicable and the Court stated, "In such instances the breach of the trust is in effect and, usually, in fact a breach of

5. That statute provides: "An action for relief not otherwise limited by this subchapter may not be commenced more than ten years after the cause of action has accrued."

contract, express or implied. Actions thereon are necessarily based on the contract and the breach thereof." 214 N.C. at 293, 199 S.E. at 87. That we should treat the situation disclosed by the record before us as one of express trust and therefore apply the three-year statute is also supported by the statutes. G.S. 28A-13-10(c) provides in pertinent part that, "If the exercise of power concerning the estate is improper, the personal representative is liable for breach of fiduciary duty to interested persons for resulting damage or loss to the same extent as a trustee of an *express trust.*" G.S. § 28A-13-10(c) (1976) (emphasis added).

Plaintiff argued in her Court of Appeals' brief that the obligations and duties of an executor do not arise out of a contract between plaintiff and defendant and, for that reason, the three-year limitation provided by G.S. 1-52(1) is inapplicable here. While we agree with plaintiff that there exists no contract, either express or implied, between the parties to this action, this is not determinative. The duties and obligations of defendant with regard to the estate arose upon its qualification as executor and trustee. Defendant's acceptance of those positions created the fiduciary duties which plaintiff claimed it has breached. Defendant received certain consideration for its acceptance of those duties, its commissions or fees as executor and trustee. The overall transaction, and the attendant rights and duties, is clearly contractual in nature. Defendant agreed with the decedent and the court that it would carry out the directions of the will. Such an agreement establishes the fiduciary duties as essentially contractual in nature and any failure to perform in compliance with the duties as a fiduciary is tantamount to a breach of contract.

Plaintiff's posture as a beneficiary of the will is analogous to that of a third party beneficiary to a contract between defendant and the court (as decedent's representative). As such, she is entitled to enforce the terms of the arrangement and to recover damages sustained by reason of defendant's breach of fiduciary duty. Her action, however, being essentially grounded in contract, is subject to the three-year limitation of G.S. 1-52(1).

---

5. That statute provides: "An action for relief not otherwise limited by this subchapter may not be commenced more than ten years after the cause of action has accrued."

Plaintiff's action accrued, at the latest, on the date she discovered that the family home had been the property of the decedent alone.[6] That date was sometime late in 1970. Thus, for her action to be timely, it would have to have been filed on or before 31 December 1973. Plaintiff's complaint was filed on 11 July 1979, some five and one-half years after the expiration of the limitations period. Because her action was not timely instituted, it is now barred, and the entry of summary judgment for defendant was proper.

Although we are in disagreement with the Court of Appeals as to which statute of limitations controls, that court's result was proper. Because our decision is based on the statute of limitations, it is unnecessary to reach other questions discussed by the Court of Appeals and argued by the parties in brief.

For the reasons stated above, the decision of the Court of Appeals is

Modified and affirmed.

Justice COPELAND did not participate in the consideration or decision of this case.

---

6. For the purposes of this decision, it is not necessary to decide whether plaintiff's cause of action accrued when the breach occurred, *i.e.*, when the tobacco farm was sold, or when the breach was discovered, *i.e.*, when plaintiff attempted to sell the home.