MARY BUYS BRUCE v. NORTH CAROLINA NATIONAL BANK

MARY BUYS BRUCE v. NORTH CAROLINA NATIONAL BANK

No. 8225SC646

(Filed 21 June 1983)

Limitation of Actions § 4.6; Trusts § 7— express trust—breach of fiduciary and contractual duties in administering and managing—statute of limitations applicable

Where plaintiff instituted an action in January 1980 alleging that defendant breached its fiduciary duty by failing to liquidate or diversify poor quality stock which plaintiff held in both an *inter vivos* trust and a marital trust, the trial court properly found that plaintiff's action was barred by the three-year statute of limitations of G.S. 1-52(1) since plaintiff's cause of action accrued when defendant sold virtually all the poor stock in December of 1974 and not when the trusts were terminated in 1978. G.S. 1-47(2).

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 16 March 1982 in Superior Court, CALDWELL County. Heard in the Court of Appeals 10 May 1983.

Plaintiff, beneficiary of two express trusts, brought this action against the corporate trustee, defendant North Carolina National Bank (hereafter NCNB), alleging breach of fiduciary and contractual duties in administering and managing the trusts. NCNB moved for summary judgment on the ground that plaintiff's action was barred by the statute of limitations. From the granting of summary judgment for NCNB on 16 March 1982, plaintiff appeals.

*Ted G. West and David S. Lackey; and Edward H. Blair, Jr., for plaintiff appellant.*

*Moore and Van Allen by George R. Hodges and John T. Allred; Todd, Vanderbloemen and Respess by Bruce W. Vanderbloemen for defendant appellee.*

BRASWELL, Judge.

The issue presented by this appeal is whether plaintiff's action is barred by G.S. 1-52(1), the three-year statute of limitations governing actions "upon a contract, obligation or liability arising out of a contract."

The essential facts are not in dispute. In 1967 plaintiff's husband died leaving a will which established a marital trust for the benefit of plaintiff. NCNB was named trustee of this trust. The marital trust assets consisted primarily of stock in two closely-held furniture companies, which were merged in 1968 into U. S. Industries, Inc. (USI), a public company traded on the New York Stock Exchange.

In 1969 plaintiff, who also held USI stock in her own name, established an *inter vivos* trust funded entirely by USI stock. NCNB was named trustee of the *inter vivos* trust. Since both trusts were revocable by plaintiff and therefore under her control, NCNB treated them as one for investment purposes. There was a total of 200,007 shares of USI stock in the trusts by the end of 1973. By November 1974 NCNB had diversified out of the concentration in USI by trading 141,777 shares, 71% of all USI stock in the two trusts.

In November 1974 NCNB recommended to plaintiff that the remaining USI stock be sold. Plaintiff consented to this sale in writing but requested that 6,000 shares be retained in the marital trust. Pursuant to her request, in November and December 1974 NCNB sold all of the USI stock in the *inter vivos* trust and all but 6,000 shares of the USI stock in the marital trust.

Plaintiff terminated both trusts in February and March 1978. In January 1980 plaintiff instituted this action alleging that NCNB breached its fiduciary duties by failing to liquidate or diversify the poor quality USI stock.

Plaintiff argues in her brief that the statute of limitations began to run in 1978 when the trusts were terminated and that, therefore, the action was filed within the three-year statute of limitations, G.S. 1-52(1), for actions "upon a contract, obligation or liability arising out of a contract." Plaintiff also contends that since the *inter vivos* trust was under seal, the applicable statute of limitations for an action on that trust is ten years, pursuant to G.S. 1-47(2). We disagree and hold that the cause of action accrued when NCNB sold virtually all the stock in December 1974 and that therefore the Superior Court properly concluded that the action was barred by the three-year statute of limitations.

In her argument concerning the three-year statute of limitations, plaintiff relies on *Teachey v. Gurley,* 214 N.C. 288, 199 S.E. 83 (1938), in which the court held that the three-year statute of limitations applied to actions based on breach of an express or implied trust based on a contract.

"Where there is an express trust based on contract, express or implied, the statute of limitations has no application and no length of time is a bar unless and until there has been (1) a repudiation or disavowal of the trust, or (2) a demand and refusal, or (3) the trust has been terminated by death, or (4) has been closed. . . . The reason for the rule is that the possession of the trustee is presumed to be the possession of the *cestui que trust.* As long as the relation of trustee and *cestui que trust* is admitted to exist, and there is no assertion of adverse claim or ownership by the trustee, no refusal on demand to comply with the terms of the trust, and no repudiation or disavowal of the trust, no cause of action rests in the *cestui que trust.* The cause of action arises when and

only when there has been some assertion of adverse claim or ownership, or a refusal to comply upon demand, or a disavowal or repudiation of the trust." [Citations omitted.]

*Id.* at 293, 199 S.E. at 87.

Based on the above-quoted passage, plaintiff asserts that the cause of action in her case arose at the time the trusts were terminated, which was less than two years prior to institution of this action.

We agree, however, with defendant that the more recent case of *Tyson v. N.C.N.B.*, 305 N.C. 136, 286 S.E. 2d 561 (1982), is dispositive of this appeal. In *Tyson* the plaintiff sued the executor/trustee seeking damages for breach of fiduciary duty for its failure to exercise reasonable care in marshalling the assets of the estate. In his opinion, Justice Carlton, writing for the court, stated that "[o]ur research reveals that the issue of which statute of limitations applies to an action against an executor for breach of fiduciary duty has never been considered by this Court." *Id.* at 141, 286 S.E. 2d at 564. The court discussed the holding in *Teachey* that the three-year statute applies in actions for breach of an express trust, and concluded that the situation in *Tyson* should also be treated as one of express trust and that the court should apply the three-year statute as done in *Teachey.* The Supreme Court held that the action was barred by the three-year statute of limitations applicable to contract actions, G.S. 1-52(1), and that the cause of action accrued at the date of the alleged breach or, at the latest, on the date it was discovered.

Applying *Tyson* to the facts before us, we find that plaintiff's action, like the one in *Tyson,* is one of damages for the trustee's breach of fiduciary duty. The alleged breach is NCNB's holding a concentration of USI stock in the two trusts and its failure to diversify the trust portfolios. In her deposition, plaintiff describes her cause of action against NCNB as one arising from NCNB's failure to sell the poor quality USI stock. NCNB sold the trusts' USI stock (except for the 6,000 shares that plaintiff requested not be sold) in November and December 1974. Thus, at that time NCNB ceased to hold a concentration of USI stock. Since the alleged breach of fiduciary duty is NCNB's retention of and failure to diversify USI stock, the breach had to occur prior to December 1974 when the stock was sold. The date of the breach,

therefore, was five years prior to commencement of this action. Prior to liquidation of the USI holdings, NCNB's agents met with plaintiff and obtained her approval for the sale. She was advised when the sale was accomplished. She therefore knew of the facts that constituted the alleged breach at the time they occurred. She regularly received financial statements from NCNB and had been aware for some time of the decline in the value of the USI stock. In her deposition plaintiff admitted that she had considered filing a lawsuit for at least three years before she actually did so in 1980. She first felt that NCNB was breaching its fiduciary duty when it let the USI stock "go to rock bottom." In January 1976 plaintiff wrote NCNB complaining about the USI "fiasco." Therefore, whether measured by the date of breach or the date of discovery, plaintiff's cause of action was not timely filed and was barred by the three-year statute of limitations. *Tyson v. N.C.N.B.,* *supra.*

We find no merit to plaintiff's argument that since the trust agreement was executed by the parties under seal, the ten-year statute of limitations applies to the *inter vivos trust.* G.S. 1-47(2), the ten-year statute, governs only actions based "[u]pon a sealed instrument." However, G.S. 1-52(1), the three-year statute, governs actions based "upon a contract . . . or liability arising out of a contract." The plaintiff's action here is based on breach of a fiduciary duty arising out of the contractual relationship created by the trust agreement and is not an action upon the instrument itself. As defendant points out in its brief, plaintiff's action is contrary to the terms of the trust instrument, in that the instrument gives the trustee absolute discretionary power to deal with trust property and provides that the trustee has no duty to diversify trust investments. We overrule this assignment of error.

For the foregoing reasons, we hold that plaintiff's action on both trusts was not timely instituted and is now barred, and that the entry of summary judgment for defendant was proper.

Affirmed.

Judges WEBB and WHICHARD concur.